Frank J. MEE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17041.

United States Court of Appeals
Eighth Circuit.

April 24, 1963.

Rehearing Denied May 31, 1963.

Frank J. Mee, Minneapolis, Minn.,
made argument pro se and filed typewritten brief.

Patrick J. Foley, Asst. U. S. Atty., Minneapolis, Minn., made argument for the appellee and filed brief with Miles W. Lord, U. S. Atty., Minneapolis, Minn.

Before SANBORN and BLACKMUN, Circuit Judges, and STEPHENSON, District Judge.

STEPHENSON, District Judge.

This is an appeal in forma pauperis by Frank J. Mee from a judgment entered upon a jury's verdict of guilty. The indictment charged appellant and co-defendants Walter E. Fisher and Joseph E. Lindquist with conspiring to use the mails to defraud in violation of 18 U.S.C. § 371. The alleged scheme to defraud involved the obtaining of sums of money from two insurance companies on burglary insurance policies. There was evidence that the burglary was feigned and that the claims were false. Some of the articles claimed as a loss by appellant were found buried near the scene of the alleged burglary. Appellant was sentenced to imprisonment for one year and one day. Thereafter the trial court denied the request of appellant and his co-defendants for leave to appeal in forma pauperis, stating as follows:

"The Court has considered all of the claims of all of the defendants and has given consideration to any possible claims of prejudicial error which might have been, but which have not been, alleged, and concludes that there is no issue presented which is not plainly frivolous, and certifies that the appeals are not taken in good faith."

On authority of Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L. Ed.2d 21 (1962) this Court granted the United States an opportunity to show why the appeal was frivolous and thereafter entered an order allowing the joint appeal of appellant and the other two defendants. Appellant herein filed his brief pro se. The other two defendants were granted additional time to file briefs and their appeals have not as yet been heard.

Appellant Mee urges seven grounds for reversal. Appellee maintains that the appeal should not only be denied but also dismissed as frivolous. We agree that the appeal is without merit. A brief discussion of appellant's contentions will suffice.

■ Appellant first urges the incompetency of the trial counsel which he selected. After reviewing the record we agree with the trial court's observation that "Mee's attorney furnished him a very vigorous defense." There is no merit to appellant's claim.

■ Appellant next urges the indictment is defective. He claims the indictment is ambiguous because "it charges conspiracy and outlines an alleged mail fraud." Appellant's contention is frivolous. The indictment charges appellant with having conspired in violation of 18 U.S.C. § 371 with named co-defendants to commit offenses in violation of the mail fraud statute 18 U.S.C. § 1341. It is in proper form.

Appellant next contends as follows:

"A 'key' witness to the Government's case was seen by not less than four persons, leaving the witness box at the end of his first day of testimony, and walking alongside a juror with his hand on the juror's shoulder, and talking to the juror, from the witness box to the exit from the courtroom, which action the witness denied on the following day when questioned about it by the Assistant United States Attorney who was prosecuting the trial, and which action constituted a breach of conduct and a miscarriage of justice because of the deliberate denial of the action by the witness in spite of the facts. Determination by the district court, without inquiring into the situation or questioning either the witness or the juror, that no prejudice had resulted was unsupported."

In the Memorandum and Order denying the appeal in forma pauperis of appellant and co-defendants the trial court

in reference to this contention stated as follows:

> "The defendants maintain that the government effected 'a miscarriage of justice' and 'a breach of conduct' because a 'key' witness left the courtroom one day during the trial. On this occasion, so the affidavits allege, he walked beside a juror, hand on juror's shoulder, and talked with the juror. The affidavits purport to show that the witness on the following day 'vigourously (sic) denied' said conduct; the trial notes do not indicate that the denial, if any, occurred on the witness stand.

> "The government attorney brought this matter to the attention of the Court upon his having learned that the witness and a juror did walk from the courtroom together. There was no indication that the walk lasted beyond the door leading from the courtroom to the hall; and counsel for the defendants did not request any cautionary admonitions to be addressed to the jury; nor did they move for a mistrial. It is not claimed or shown that the case or the evidence was discussed by the juror and witness. This alone could not be, and here was not, prejudicial."

In his brief appellant states that the witness in question was Postal Inspector Albert Sable. The record indicates that Sable's first day of testimony was December 7, 1961. The jury was instructed December 13, 1961. At no time was a record made concerning this incident by appellant or his co-defendants each of whom make the same contention in his affidavit in support of his motion for leave to appeal in forma pauperis.

The law in this regard is stated by the Supreme Court in Remmer v. United States, 347 U.S. 227, 229, 74 S.Ct. 450, 451, 98 L.Ed. 654 as follows:

> "In a criminal case, any private communication, contact, or tampering, directly or indirectly, with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial, if not made in pursuance of known rules of the court and the instructions and directions of the court made during the trial, with full knowledge of the parties. The presumption is not conclusive, but the burden rests heavily upon the Government to establish, after notice to and hearing of the defendant, that such contact with the juror was harmless to the defendant."

■ To the same effect see, Wheaton v. United States, 8 Cir., 1943, 133 F.2d 522. In the instant case there is no showing that a communication about the matter pending before the jury actually took place. At the most it appears the witness walked in close proximity to a juror up to the point of leaving the courtroom. Such conduct is not to be encouraged and it is noted the government attorney properly brought the matter to the attention of the trial court. We are satisfied that no communication which would give rise to a presumption of prejudice may be inferred from the facts shown by the record. We agree with the trial court that under all the circumstances this incident was not prejudicial.

■ Appellant argues that he was prejudiced by the action of the government in keeping on display in the courtroom during the trial a government exhibit consisting of household furniture and other articles which were identified as having been removed from where they were buried in the ground near the scene of the feigned burglary. This exhibit was not offered in evidence. Several witnesses including appellant[1] testified con-

---

1. Appellant testified on cross examination that the articles contained in the exhibit were similar to articles he had in the alleged burglarized hut and on which he claimed an insurance loss, except the articles in his hut were not rusted and warped.

cerning the articles contained in the exhibit. Appellant's counsel in his closing argument chided the government for failure to introduce the exhibit and suggested it might not have been offered because certain articles were missing. No objection was made to the exhibit being brought into the courtroom or to the government's failure to offer it. It was available for offer by any party. Appellant's complaint is frivolous.

Appellant further contends he was prejudiced by the joint trial of all defendants and in this connection particularly complains because statements of co-defendants made after the conspiracy ended were received in evidence as admissions against the defendant making them but were none the less prejudicial to appellant

■■■ Appellant failed to move for a separate trial and now has no cause for complaint, Pummill v. United States, 8 Cir., 1961, 297 F.2d 34. One of his codefendants moved for a separate trial which was denied. Aside from appellant's failure to move for a separate trial there is no showing he was prejudiced by joint trial with the other two alleged conspirators. The trial court properly instructed the jury that statements taken after the conspiracy ended may be considered as to the guilt or innocence of the man who made them but may not be considered as to the guilt or innocence of the other two. It cannot be assumed the jury disregarded clear instructions of the court. Opper v. United States, 1954, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101. Appellant's complaint in this regard is without merit.

■■■ Appellant urges that the verdict was not supported by the evidence. A review of the record indicates that the evidence supports the verdict of guilty. No useful purpose would be served in reciting the details of the evidence. We are satisfied the record amply sustains the conviction.

■■■ Finally appellant contends the government's closing and rebuttal arguments were improper and unfair. In his affidavit in support of his motion to proceed in forma pauperis appellant complains of comments by government counsel attacking the credulity of the testimony of defendants' wives. The trial court makes the following comments with reference thereto:

"Of course, here it is not even claimed that government counsel did anything other than to make reference to, and comment upon the evidence given by the wives of two of the defendants. In general, they corroborated the testimony of Mee and Fisher concerning certain of their actions. Certainly the government was within its legitimate sphere in evaluating the wives' testimony as well as the defendants'.

"Government counsel made no improper observations about this testimony. His argument was not heated or even vigorous. It was really quite moderate."

Argument may be vigorous so long as it is within the range of legitimate and appropriate comment upon the evidence. Feguer v. United States, 302 F.2d 214, 254 (8th Cir.), cert. denied, 371 U.S. 872, 83 S.Ct. 123, 9 L.Ed.2d 110 (1962). We find that the argument of government counsel in the instant case is well within the limits prescribed by this Court.

■■■ Appellant also complains of the five day lapse between the close of the evidence and final arguments. The evidence was closed on a Friday and the arguments and instructions were given the following Wednesday. No one objected to the recess which was taken because of other commitments by the Court.

The only prejudice claimed here is that this circumstance placed on the jury "an unfair and impossible burden of recalling the facts from the trial and connecting the facts with these statements" (made by counsel in closing argument). If such a contention had any force, arguments of counsel in any lengthy trial would be subject to a similar attack. The arguments of counsel were duly

recorded. Examination of the same indicates appellant's contentions are completely without merit.

We conclude from the entire record the appellant had a just and fair trial. The record amply supports his conviction.

The judgment is affirmed.