**Robert Owen McDONNELL, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 71–1458.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 16, 1972.

Decided April 13, 1972.

Gene R. Bushnell, Rapid City, S. D., for appellant.

Richard D. Hurd, Asst. U. S. Atty., William F. Clayton, U. S. Atty., Sioux Falls, S. D., for appellee.

Before LAY, BRIGHT and STEPHENSON, Circuit Judges.

BRIGHT, Circuit Judge.

A jury convicted Robert Owen McDonnell of attempted escape from federal custody while being held on a felony charge in violation of 18 U.S.C. § 751. McDonnell brings this appeal, arguing: 1) that he was denied his Sixth Amendment rights to effective assistance of counsel and compulsory process for obtaining witnesses; 2) that the trial court erred in refusing to grant a mistrial after one juror asked the prosecutor a question during a trial recess; and 3) that the trial court erred in refusing to grant a mistrial when the prosecutor made an improper comment to the jury. We reject these contentions and affirm.

On January 27, 1971, the government filed a complaint charging appellant with attempted escape in violation of 18 U.S.C. § 751. On February 2, 1971, appellant appeared before a United States Magistrate and requested a preliminary hearing and appointed counsel. The Magistrate appointed an attorney to represent appellant. This attorney interviewed appellant on February 8, 1971. During the interview, appellant instructed the attorney to question the inmates of his cell block. In addition, appellant told the attorney that he had taken statements from several inmates of his cell block and that he wanted these statements notarized.

The day following this interview, the attorney called the office of the United States Attorney to discuss the case. An Assistant United States Attorney told him that it was unnecessary to take any further action on the case at that time because the government intended to return appellant to the Nebraska State Penitentiary where he was serving a sentence. Acting on this information,

appellant's attorney submitted a voucher for his services and withdrew from the case. On February 20, 1971, the government obtained an order from the district court dismissing the complaint against appellant.

On March 31, 1971, the grand jury returned an indictment charging appellant with attempted escape in violation of 18 U.S.C. § 751. A second attorney was appointed to represent appellant on June 15, 1971, and the trial commenced on June 24, 1971.

■ McDonnell contends that the government's action in dismissing the original complaint was an intentional effort to deny him his Sixth Amendment rights to counsel and compulsory process for obtaining witnesses. We do not accept this contention. From our review of the record, we are convinced that the government moved for dismissal of its complaint solely because the complaint was not needed to hold appellant for the grand jury. At the time the complaint was dismissed, appellant was serving a sentence in Nebraska and was awaiting sentencing on a federal conviction. Under these circumstances, the complaint served no purpose.

■ Because the complaint was dismissed, no preliminary hearing was held despite appellant's attempts to secure one. Appellant asserts that, as a result of the dismissal, he was denied the opportunity to call at a preliminary hearing certain witnesses who were later unavailable. The purpose of a preliminary hearing is to allow the accused to test whether there is probable cause to believe that he has committed the offense charged. *See* Spinelli v. United States, 382 F.2d 871, 887 (8th Cir. 1967), rev'd

on other grounds, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Vincent v. United States, 337 F.2d 891, 896 (8th Cir. 1964), cert. denied, 380 U.S. 988, 85 S.Ct. 1363, 14 L.Ed.2d 281 (1965). In this case, the dismissal of the complaint obviated the necessity of a preliminary hearing. *Compare* United States v. Cowan, 396 F.2d 83, 88 (2d Cir. 1968), *with* Barrett v. United States, 270 F.2d 772, 775–776 (8th Cir. 1959). Judge Gibson's comments for this Court in Spinelli v. United States, *supra*, are apposite here:

> Though appellant might well have enjoyed the * * * benefits that flow from a preliminary hearing, he has no absolute right to these benefits if the underlying purpose of the preliminary hearing is supplanted. [382 F.2d at 887]

■ Appellant claims that he lost the opportunity to call at trial four of the eight inmates he had previously interviewed. The record shows, however, that only one of these inmates could not be located. The remaining three inmates were unavailable because the trial judge, after deciding that the testimony of these inmates would be cumulative, refused to issue writs of habeas corpus ad testificandum for them.[1] We have examined the statement given to appellant by the one inmate who could not be located at the time of trial. Based on this statement, it is unlikely that his testimony would have added anything to the testimony of those inmates who testified for appellant.[2]

■ Appellant's claim that the dismissal of the complaint deprived him of the effective assistance of counsel is without merit. Although appellant as-

---

1. Since the testimony of these inmates would have been cumulative, the trial judge properly exercised his discretion in refusing to issue the writs. *See* Brady v. United States, 433 F.2d 924, 925 (10th Cir. 1970).

2. The statements which appellant obtained from the eight inmates were virtually identical. Each inmate said that he had

not observed any actions, or heard any sounds, indicating that appellant was attempting to escape. In addition, each said that all inmates had free access to the cells in the cellblock during certain times of the day. The latter statement presumably was included to show that a hacksaw found in appellant's bedding could have been placed there by someone else.

serts that he was not represented for four months following the dismissal of the complaint, he fails to show that he suffered any prejudice from the lack of representation. Appellant's trial counsel, an experienced and able trial lawyer, did not request a continuance before trial and does not contend here that he did not have sufficient time to prepare for trial. Appellant's only claim of prejudice relates to the inability of his counsel to interview the four inmates who were unavailable at trial. Our prior discussion pertaining to the availability of these inmates answers this claim.

We now turn to appellant's contention that the trial court erroneously denied two motions for a mistrial. During a trial recess, a juror approached the prosecutor and asked him a question about the location of a vent which was pictured on one of the government's exhibits. The prosecutor replied that he could not answer the question and promptly reported the conversation to the trial judge. After the jury rendered its verdict, the trial judge questioned the inquisitive juror. The juror testified that the prosecutor had refused to answer his question and that the other jurors were not aware that he had asked a question. After hearing this testimony, the trial judge denied the mistrial motion.

■■ In reviewing the trial court's action, we apply the standard set forth in Remmer v. United States, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954):

In a criminal case, any private communication, contact, or tampering directly or indirectly, with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial, if not made in pursuance of known rules of the court and the instructions and directions of the court made during the trial, with full knowledge of the parties. The presumption is not conclusive, but the burden rests heavily upon the Government to establish, after notice to and hearing of the defendant, that such contact with the juror was harmless to the defendant. [*Id.* at 229, 74 S.Ct. at 451]

*See* Little v. United States, 331 F.2d 287, 295 (8th Cir.), cert. denied, 379 U. S. 834, 85 S.Ct. 68, 13 L.Ed.2d 42 (1964); Mee v. United States, 316 F.2d 467, 469 (8th Cir. 1963), cert. denied, 377 U.S. 997, 84 S.Ct. 1923, 12 L.Ed.2d 1049 (1964); Wheaton v. United States, 133 F.2d 522, 527 (8th Cir. 1943). At the same time, we are mindful that a trial judge's decision against granting a mistrial for juror misconduct will be overturned only for an abuse of discretion. *See* Wheaton v. United States, 133 F.2d 522, 527 (8th Cir. 1943). Applying the *Remmer* standard to this case, we think that the trial judge properly refused to grant a mistrial. The one-sided conversation initiated by the juror must be deemed harmless.

■ Finally, we reject appellant's contention that the trial court erred in refusing to grant a mistrial because the prosecutor made an improper comment to the jury. At one point in the trial, appellant's counsel requested the opportunity to make an offer of proof. While the trial judge was considering this request, the prosecutor, in an aside, remarked that the offer was a "common trick." Neither the trial judge nor the reporter heard the remark. Defense counsel called the remark to the court's attention through a motion for a mistrial. The prosecutor admitted that he made the remark while the judge was excusing the jurors and admonishing them to refrain from discussing the case. Given the state of the record, we cannot assume that the jury heard the remark. Thus, although the prosecutor deserves censure,[3] we cannot say that

---

3. We think it is appropriate to note the Supreme Court's admonition to federal prosecutors:

The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty

the remark required a mistrial or deprived appellant of a fair trial. *See* Cline v. United States, 395 F.2d 138, 141 (8th Cir. 1968); Keeble v. United States, 347 F.2d 951, 956 (8th Cir.), cert. denied, 382 U.S. 940, 86 S.Ct. 394, 15 L.Ed.2d 350 (1965); Issacs v. United States, 301 F.2d 706, 736–739 (8th Cir.), cert. denied, 371 U.S. 818, 83 S.Ct. 32, 9 L.Ed.2d 58 (1962).

Affirmed.

whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the two-fold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one. [Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).]