UNITED STATES of America

v.

John N. MITCHELL et al.

Crim. No. 74–110.

United States District Court,
District of Columbia.

March 29, 1976.

---

Charles F. C. Ruff, Watergate Sp. Prosecution Force, Washington, D. C., for the Government.

John J. Wilson, Frank H. Strickler, Ross O'Donoghue, Washington, D. C., for defendant Haldeman.

## OPINION AND ORDER

SIRICA, District Judge.

Defendant H. R. Haldeman, one of four defendants in the above-entitled matter convicted by jury verdict on January 1, 1975, has filed a motion for a new trial on the basis of newly discovered evidence and, pursuant to that motion, requests a full evidentiary hearing to determine whether an alleged unauthorized contact between a third party and any members of the sequestered jury took place and, if it did, whether the alleged contact was prejudicial to the defendant. Defendant Haldeman also requests that the seal, which has been ordered by the Court to apply to the papers and proceedings surrounding this incident for the purpose of protecting the investigation of the U. S. Marshal's Service, be lifted.

## FACTS

On October 30, 1975, the Court informed all defense counsel and the Office of the Special Prosecutor that it had received information, in the form of hand-delivered affidavits, that the wife of one of the supervising marshals in charge of the sequestered jury may have accompanied the jury on an evening of dinner and entertainment at the Andrews Air Force Base Officers' Club on the evening of November 22, 1974, which was during the time that the jury was hearing evidence in the trial. Copies of these affidavits were also forwarded to counsel.

On November 14, 1975, at a meeting held *in camera,* all parties agreed to hold any action in abeyance pending the completion of an investigative report of the incident by the U. S. Marshal's Service, Department of Justice.

A copy of this lengthy investigative report was transmitted to the Court on December 10, 1975, and the Court promptly distributed copies of the report to all counsel. The report included affidavits, in question and answer form, of the marshals and matrons who accompanied the jury that evening, and of Ellis Duley, the supervising marshal, and his wife. All were questioned at length about Mrs. Duley's presence that evening and about any possible contacts she might have had with the jury.

After receiving this report, defendant Haldeman filed the instant motions.

## JURISDICTION OF THE TRIAL COURT

■ Rule 33 of the Federal Rules of Criminal Procedure gives this Court, as the trial court, jurisdiction to hear a motion for a new trial based on newly discovered evidence while the case is on appeal from a judgment of conviction. Asserting improper communications between a third party and a juror or jurors rests squarely upon newly discovered evidence within the purview of Rule 33. *Holfester v. Long Island Rwy. Co.,* 360 F.2d 369 (2d Cir. 1966); *Holmes v. United States,* 284 F.2d 716 (4th Cir. 1960). This motion is properly before the Court at this time.

■ It is important to note that the discretion of the trial judge to grant a motion of this nature includes the discretion to determine the extent and type of investigation requisite to a ruling on the motion. *U. S. v. Flynn,* 216 F.2d 354, 372 (2d Cir. 1954); *Tillman v. United States,* 406 F.2d 930 (5th Cir. 1969). Under the facts of this case, the Court concludes that a full evidentiary hearing is not required in order for the Court to rule on the motion for a new trial.

## I. REQUEST FOR AN EVIDENTIARY HEARING

■ In support of the request for a full evidentiary hearing, defendant argues that, under the facts present here and the applicable law, the Court has a clear duty to hold such a hearing. The Court disagrees. The leading case which deals with the situation in which a stranger comes in contact with the jury, and details the duty of the trial court in such cases, is *Remmer v. United States,* 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954). In *Remmer* the Supreme Court stated:

In a criminal case, any private communication, contact, or tampering directly or indirectly, with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial . . . . *Id.* at 229, 74 S.Ct. at 451, 98 L.Ed. at 656.

The Court held that if an incident so described occurs the trial court is required to hold an evidentiary hearing with the burden on the government to establish that the private communication was not prejudicial.

In *Remmer* the Court established that the facts surrounding the alleged incident were crucial to the requirement for an evidentiary hearing. Four factors led the Court to require such a hearing:

(1) a private communication, contact or tampering

(2) directly or indirectly with a juror

(3) during a trial

(4) about the matter pending before the jury.

The facts in the *Remmer* case clearly met these criteria. After the jury had returned the verdict, the defendant learned for the first time that during the course of the trial a juror had reported to the trial judge that an unnamed person "had communicated * * * to him that he [the juror] could profit by bringing in a verdict favorable to the [defendant]." *Id.* at 228, 74 S.Ct. at 450, 98 L.Ed. at 655.

Since this allegation fulfilled all four parts of the definition, the Court held that the trial judge erred in denying the defendant's motion for a new trial without first holding a requested evidentiary hearing.

Other cases both prior to and subsequent to *Remmer*, including those chiefly relied upon by the defendant as authority for his request, are based upon factual situations which fulfill the criteria of *Remmer*.[1]

In the instant case, all of the information before the Court and the presentation by the defendant is not sufficient to require that this Court order a full evidentiary hearing. All that is present in this case is an assertion that the supervising marshal's wife was present, along with 350 other people, at the Officers' Club on the night that the jury had dinner, and the speculation that there may have been some communication between the woman and the jurors. The defendant cannot support, and indeed makes no allegation, that any communication between Mrs. Duley and the jurors *about the matter pending before the jury* took place. Factually, there is no proffer whatsoever of the substance of any conversation. This fact distinguishes the present situation from all of the cases relied upon by the defendant in support of his request.[2]

---

1. The defendant cites the following cases in support of his position: *Mattox v. United States*, 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917 (1892) (two affidavits submitted by jurors stating that a bailiff had made statements about the case and read a newspaper article to the jurors concerning the case which commented on the evidence and about defendant's previous trial for a similar offense); *United States v. McKinney*, 429 F.2d 1019 (5th Cir. 1970) (juror told defense counsel that members of the jury had discussed newspaper articles which detailed defendant's jailbreak as part of their deliberations); *Morgan v. United States*, 399 F.2d 93 (5th Cir. 1968) (affidavit of a person who had seen a juror talking to a non-juror during the course of the trial and overheard non-juror tell juror that the defendant had

been defrauding people and had brought cases against insurance companies). In all of these cases, where the court found that a hearing was required, the allegations clearly satisfied the definition of *Remmer*.

2. The instant case, as well as Remmer, where a stranger comes into brief contact with the jury, must also be distinguished from the cases in which someone with an interest in the outcome of the case has prolonged contact with the jury. See *Turner v. Louisiana*, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965), where the two principal prosecution witnesses were also the deputy sheriffs who were in charge of the jury and were in continuous and intimate association with the jurors, eating with them, conversing with them and doing errands for

What the defendant requests is a "full evidentiary hearing" for the purpose of interrogating all of the jurors, marshals, matrons, Mr. and Mrs. Duley and others under oath in open court to determine "what, if any, communications were held between Mrs. Duley and the jurors in this case." (Points and Authorities In Support of Motion of Defendant Haldeman For an Evidentiary Hearing on Alleged Jury Misconduct, p. 5)

All of this is far too speculative and the trial court cannot set the stage for the defendant to engage in such a fishing expedition. In the present factual context the allegations by the defendant amount to little more than a conjecture. If a full hearing were required in every instance where such a conjecture came to the attention of the trial court, there would be no end to the interference with an orderly trial. *Tillman v. United States*, 406 F.2d 930, 938 (5th Cir. 1969).

In addition, the fact that the three other defendants who were convicted in this case, all being represented by competent counsel have failed to join in this request of defendant Haldeman gives some indication as to its lack of substance.

Defendant Haldeman's request for a full evidentiary hearing in open court is hereby denied.

## II. MOTION FOR NEW TRIAL

■ Taking into consideration all of the facts and circumstances brought to the attention of the Court by the defendant and by the investigative report submitted by the U. S. Marshal's Service, Department of Justice, the Court finds that this incident was not prejudicial to the defendant.

## REPORT OF THE INVESTIGATION

The report of the investigation contains the signed affidavits in question

and answer form of all of the marshals and matrons who were in charge of the jury and present at the Officers' Club with the jury that evening, as well as the affidavits of Mr. and Mrs. Duley.

From a careful review of the affidavits, the Court finds that Mr. Duley brought his wife to the Officers' Club that night and that the Duleys sat at a table for two across the dance floor from the jury members. There were approximately 350 persons present in the dining room that evening. Mrs. Duley denies having had any conversation with a juror or jurors. Mr. Duley, the three Deputy U. S. Marshals and one of the two matrons present all stated that, to the best of their recollection, Mrs. Duley did not speak to any members of the jury that evening. One of the two matrons in charge of the jury, however, stated that the jurors were talking to Mrs. Duley in the lounge when the group was getting ready to leave the club, but that she did not overhear any conversation between Mrs. Duley and any of the jurors. In addition, she stated, as did the others, that none of the jurors complained to her about Mrs. Duley or her presence at the club. None of the other witnesses recalled Mrs. Duley being present in the lounge when the group was preparing to leave, and Mrs. Duley stated that she was not present at that time.

The Court is satisfied that no communication which could give rise to a presumption of prejudice may be inferred from the facts before the Court. There is no showing that a communication about the matter pending before the jury actually took place. *Mee v. United States*, 316 F.2d 467, 469 (8th Cir. 1963), *cert. denied*, 377 U.S. 997, 84 S.Ct. 1923, 12 L.Ed.2d 1049 (1964).[3]

---

them throughout the three-day trial. The Court found such contact to be prejudicial to the defendant even though no communication concerning the trial could be shown, since the special relationship was one which fostered

the jurors' confidence in their witness-custodians. No such situation exists in this case.

3. In *Mee* the defendant submitted affidavits to the Court to the effect that a "key" govern-

Defendant's instant motion for a new trial based on newly discovered evidence is hereby denied.

## III. MOTION TO UNSEAL THIS PROCEEDING

 Since it is apparent to the Court that the reason for which this proceeding was ordered sealed no longer exists, defendant Haldeman's request that the seal ordered to apply to the papers and proceedings surrounding this incident be lifted is hereby granted.

ment witness and a juror walked out of the courtroom together, talking. The witness vigorously denied talking to the juror. The Court held that the incident was not prejudicial since there was no showing that a communication about the matter pending before the jury actually took place, citing *Remmer v. U. S.,* supra.