**STATE of Maine**

v.

**Lyle D. FROST.**

Supreme Judicial Court of Maine.

Feb. 11, 1974.

Michael E. Barr, Asst. County Atty., Augusta, for plaintiff.

Cratty & Cratty by Bernard R. Cratty, Waterville, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

POMEROY, Justice.

Appellant herein has been found guilty of the crime of incest (17 M.R.S.A. 1851) at a jury-waived trial before a Justice of the Superior Court.

Judgment was entered upon said finding. Thereafter a motion for a new trial, based on the claim there was evidence newly discovered, was filed, heard and denied. Objections to such denial are before us in this appeal.

The issues as described by the appellant in his brief are:

"1. Is the accusation of a Prosecutrix, without supporting evidence, sufficient to sustain a conviction?

2. In a Motion For a New Trial, is testimony impeaching the Prosecutrix sufficient to sustain the Motion?"

We deny the appeal.

The appellant's 15-year old daughter testified at the trial that the appellant, her

father, had engaged in sexual intercourse with her at a certain time and place.

The appellant chose to take the stand. His testimony categorically denied the allegations of his daughter.

The State called a police officer as a rebuttal witness. His testimony was in part as follows:

"A  I asked Mr. Frost if he cared to talk to me about the particular charge to which he had been charged with, the offense. He said yes.

*  *  *  *  *  *

A.  Mr. Frost replied that he had fooled around with her. I asked him to be more specific in what he meant by fooled around with her, and he said, well, just fooled around with her. I said what do you mean. He said, well, you know. I said, no, I don't, and that is when the conversation ended. He did not define exactly what he meant.

Q.  Did you indicate to him who the individual was in the family that he was charged with incest on?

A.  Yes, his 15 year old daughter, - - - - -."

There was conflicting testimony before the single Justice as to the daughter's testimony in the District Court concerning whether she had removed her clothing herself or such clothing was removed by the appellant.

There was nothing improbable about her testimony and it was not seriously shaken on cross-examination.

■  In this State we have consistently adhered to the rule first squarely presented in State v. Newcomb, 146 Me. 173, 78 A.2d 787 (1951), that in crimes of this class a conviction is sustainable even though based solely on the uncorroborated evidence of a single witness.

■  The factfinder was clearly justified in concluding that the appellant's admission that he "fooled around" with his daughter was corroborative of her claim that sexual intercourse was had.

■  In the context in which the words were used, i. e., with reference to a claim that his daughter was accusing him of incest, the expression could reasonably be construed as an admission that he had indulged in grossly improper conduct having sexual overtones.

The appellant's testimony at the trial denied any overtures to or contact with the daughter.

A question of fact was presented to the single Justice sitting as the factfinder.

The resolution of the factual issue compelled the evaluation of the credibility of two witnesses, each testifying contradictorily to the other. The single Justice believed the daughter.

Once the single Justice sitting as a factfinder had accepted the daughter's story as the truth there was no possible doubt as to the guilt.

The appeal from the motion for a new trial is based on the claim that subsequent to the trial and conviction the defendant's daughter told a 10-year old child "that her father never touched her, that she just didn't want him around; she wanted him away from her house."

The defendant's daughter testified at the hearing on the motion that no such conversation ever took place.

■  The presiding Justice was justified in accepting the daughter's denial and refusing to believe the 10-year old child's story.

We have so often treated with the question of whether an alleged recantation by a witness will justify the granting of a new trial that it would serve no useful purpose

to discuss it further at this time. See State v. Sawyer, Me., 314 A.2d 830 (1974).

The entry must be,

Appeal denied.

All Justices concurring.