William R. Stokes (orally), Charles K. Leadbetter, Asst. Attys. Gen., Augusta, for plaintiff.

Vafiades, Brountas & Kominsky by Eugene C. Coughlin (orally), Lewis V. Vafiades, Bangor, for defendant.

Before McKUSICK, C. J., and WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

ARCHIBALD, Justice.

On May 24, 1977, judgments of conviction for felonious homicide punishable as murder (17 M.R.S.A. § 2651) were rendered against the defendant in connection with the slayings of Joaquin and Florence Bettencourt. *See State v. Heald,* Me., 393 A.2d 537 (1978). Asserting the existence of newly discovered evidence, the defendant on January 12, 1978, moved for a new trial pursuant to M.R.Crim.P. 33.[1] Hearings on de-

**STATE of Maine**

v.

**Charles HEALD.**

Supreme Judicial Court of Maine.

Dec. 29, 1978.

---

1. Rule 33. New Trial

The court on motion of the defendant may grant a new trial to him if required in the interest of justice. . . . A motion for a new trial based on any other ground other than newly discovered evidence shall be made with-

fendant's motion were held on February 23 and June 16, 1978, following which the ruling justice refused to grant defendant's motion, and the defendant appealed the justice's decision. We deny the appeal.

The appellant presented uncontroverted testimony which indicated that Richard Henry, a witness for the State at appellant's trial, who did not testify at either of the two hearings on the motion for a new trial, had stated that he lied at appellant's trial. The appellant also presented two witnesses who testified that Judy Harvey, another witness for the State at appellant's trial, had stated in reference to the Heald trial that she had helped put an innocent man in jail. Judy Harvey, unlike Henry, personally testified at the hearing held on February 23, 1978, that she had not lied at the Heald trial and had *not* told either of the appellant's two other witnesses that she had lied. Mrs. Harvey affirmed her testimony at the Heald trial.

The State presented two witnesses at the hearings who supported Mrs. Harvey's testimony that Richard Henry was attempting to get her to lie by recanting her testimony at the Heald trial. They further testified that Mrs. Harvey was extremely upset about an innocent person being in prison for two other murders occurring in Swanville which she said had been perpetrated in part by Richard Henry.

Having been established in *State v. Casale*, 148 Me. 312, 319–20, 92 A.2d 718, 722 (1952), the applicable standard for granting a new trial on the basis of newly discovered evidence is not in doubt.

The tests to be applied to this motion for a new trial, on the ground of newly discovered evidence, are (1) that the evidence is such as will probably change the result if a new trial is granted, (2) that it has been discovered since the trial, (3) that it could not have been discovered before the trial by the exercise of due diligence, (4) that it is material to the issue, and (5) that it is not merely cumulative or impeaching, unless it is clear that such impeachment would have resulted in a different verdict.

*Id.; see also, e. g., State v. Lewis,* Me., 373 A.2d 603, 610 (1977); *State v. McDonough,* Me., 350 A.2d 556, 560 (1976); *State v. Sawyer,* Me., 314 A.2d 830, 833 (1974).

The principal issues generated by appellant's motion involve the first and fifth tests: whether the newly discovered evidence would probably change the result if a new trial were granted; whether the newly discovered evidence was merely cumulative or impeaching, thereby requiring the appellant to make a *clear* showing that a different verdict would result.

■ Viewing the new evidence adduced at the two hearings in a light most favorable to the appellant, we are unable to find anything more than merely impeaching evidence. Evidence of the unsworn recantations by either Mrs. Harvey or Richard Henry would be admissible merely for impeachment purposes and not to prove the truth of those statements. M.R.Evid. 801; Advisers' Notes to Rule 801; *State v. Sawyer,* Me., 314 A.2d 830 (1974). The appellant's burden, therefore, was to make a clear showing that a different verdict would result.

■ In reviewing the ruling justice's decision, we limit our consideration to whether that decision was clearly erroneous.

As the Justice's responsibility of hearing the new testimony, observing the conduct of the witness[es], weighing the value of the evidence and its potential for resulting in a different verdict if presented at a new trial . . . is essentially a determination of fact, his decision must

---

in ten days after verdict or finding of guilty or within such further time as the court may fix during the ten-day period.

A motion for a new trial based on the ground of newly discovered evidence may be made only before, or within two years after, final judgment. . . .

stand on appeal unless it is clearly erroneous.

*State v. Sawyer, supra* at 834.

Evidence at a new trial of any inconsistent statement that Mrs. Harvey may have made would come from two witnesses, admittedly upset at the time they may have heard the inconsistent statements and likely to be uncertain of the exact substance of those statements. To be weighed against such impeaching testimony would be Mrs. Harvey's firm and confident denial of ever deviating from her prior testimony.

Assuming a jury would disregard Richard Henry's motives for making his unsworn inconsistent statement and would totally dismiss his testimony at trial as without weight, it is far from clear that a jury would treat Mrs. Harvey's testimony in the same fashion. Since Mr. Henry's testimony merely recapitulated a portion of Mrs. Harvey's testimony, the possibility of a different verdict if Mr. Henry's testimony were totally impeached is not only not clear, it is remote. We agree with the presiding justice that the appellant has failed to demonstrate that the jury would reach an opposite result.

The entry is:

Appeal denied.

POMEROY and NICHOLS, JJ., did not sit.