STATE of Maine

v.

Dennis L. HARDING, Jr.

Supreme Judicial Court of Maine.

Dec. 3, 1979.

David W. Crook, Dist. Atty., Herbert Bunker, Jr., Asst. Dist. Atty., Augusta (orally), for plaintiff.

Philip S. Bird, P. A., Fairfield (orally), for defendant.

Before McKUSICK, C. J., POMEROY, WERNICK and ARCHIBALD, JJ., and DUFRESNE, A. R. J.

DUFRESNE, A. R. J.[1]

Tried before jury in the Superior Court, Kennebec County, Dennis L. Harding, Jr.,

1. Sitting by assignment.

the defendant, was convicted of the crimes of burglary and theft in violation respectively of sections 401 and 353 of title 17-A, the Maine Criminal Code.[2] His motion for a new trial based on the ground of newly discovered evidence, pursuant to Rule 33, M.R.Crim.P., was denied and he appeals from that ruling. We deny the appeal.

Three persons were indicted for burglarizing the home of Virgil Tyler in South China and for the theft of a CB radio valued at some eighty ($80.00) dollars on January 26, 1977. Besides Harding, Dwight Gould and one Ronnie Lee Levesque were accused of committing the crimes. Harding was tried first. At Harding's trial Gould testified as the State's chief witness. The defendant called Levesque as a defense witness, but, upon advice of counsel, Levesque, whose indictment charging him with the commission of the same crimes was pending, claimed his Fifth Amendment privilege against self-incrimination and refused to testify. The jury found Harding guilty of both, burglary and theft, and he received a State Prison sentence of six (6) years for the burglary. While Harding's appeal from the judgments of conviction was pending in the Law Court, Levesque was tried before another jury. Levesque testified at his own trial, contradicting Gould in certain areas, especially asserting that it was Gould who had entered the premises, and not Harding and himself. The jury acquitted Levesque of burglary and found him guilty of theft only, for which offense he was sentenced to six (6) months imprisonment in the county jail.

Frustrated by the denial of his appeal in the Law Court (see *State v. Harding*, Me., 392 A.2d 538 (1978)), the defendant sought relief from his convictions before the same Justice who had presided at his trial. In his motion before the Superior Court, Harding contended that Levesque's subsequent acquittal of burglary and his present willingness to testify favorably in his behalf constituted newly discovered evidence which required the grant of a new trial in the interest of justice. Even though he did not have the transcript of the evidence of the Harding trial before him,[3] relying on his memory of the trial evidence and on counsel's offer of proof in respect thereto and after hearing the testimony which Levesque proposed to give if Harding were allowed a new trial, the Justice below denied the motion for a new trial and gave the following reasons for so doing:

"The evidence proposed is such as will probably NOT change the result if a new trial is granted; it was known prior to the previous trial and offered in substance at that trial; it is not newly discovered but is presently available from a witness who was summoned to the last trial and who refused to testify, claiming 5th amendment rights, but who will testify after having himself been convicted and sentenced."

Assuming that Levesque's testimony, presently available to Harding, constitutes "newly discovered" evidence within the scope of Rule 33, M.R.Crim.P., an issue upon which we intimate no opinion,[4] the presid-

2. 17-A M.R.S.A., § 401. *Burglary*

1. A person is guilty of burglary if he enters . . . a structure, knowing that he is not licensed or privileged to do so, with the intent to commit a crime therein.

\* \* \* \* \* \*

3. A person may be convicted both of burglary and of the crime which he committed or attempted to commit after entering or remaining in the structure, . . .

17-A M.R.S.A., § 353. *Theft by unauthorized taking or transfer*

1. A person is guilty of theft if he obtains or exercises unauthorized control over the property of another with intent to deprive him thereof.

3. By agreement of the parties, the transcript has been made available in this appeal.

4. For cases holding that a co-principal's testimony, unavailable at the time of trial of a defendant because of the assertion of one's Fifth Amendment right, but available after conviction, is to be considered "newly discovered" evidence entitling the defendant to a new trial, see *Whitmore v. State*, 570 S.W.2d 889 (Tex.Cr. App.1978); *State v. Gerdes*, 258 N.W.2d 839 (S.D.1977). Contra: *United States v. Bujese*, 371 F.2d 120 (3rd Cir., 1967); *Coplin v. United States*, 88 F.2d 652 (9th Cir., 1937), cert. denied 301 U.S. 703, 57 S.Ct. 929, 81 L.Ed. 1357.

ing Justice's denial of a new trial, notwithstandingly, is correct.

■ Initially, let us say that an accomplice or co-principal tried and convicted in a separate trial is not automatically entitled to a new trial just because a subsequently tried principal has been acquitted. See 17-A M.R.S.A. § 57(6). The second jury may have had different evidence respecting the same incident. Also, different juries could reach opposite results on the same evidence. *Rozell v. State*, 502 S.W.2d 16 (Tex.Cr.App.1973); *Hubbard v. State*, 71 Okl.Cr. 373, 112 P.2d 174, 182 (1941).

■ Even in the case of two jointly tried defendants, the acquittal of one co-defendant does not entitle the other defendant to a new trial or reversal of his conviction, unless the trial evidence as to both defendants is substantially identical in all respects. *People v. Boyce*, 41 Ill.App.3d 53, 353 N.E.2d 287, 292 (1976).

■ It is undisputed that Levesque's evidence was known to Harding at the time of Harding's trial. It was not available from Levesque due to the latter's assertion of his constitutional privilege against self-incrimination, but it was merely corroborative of evidence which Harding could himself have presented, and which he elected not to disclose, to the jury. Under analogous circumstances, we said in *State v. Flaherty*, Me., 340 A.2d 212 (1975), that such tactical decision estops the defendant from seeking a new trial on the ground of newly discovered evidence.

■ Furthermore, the criteria governing the court's disposition of a motion for a new trial on the basis of newly discovered evidence have been specifically set forth in *State v. Casale*, 148 Me. 312, 319–20, 92 A.2d 718, 722 (1952). Before such a motion can be granted, the defendant must establish,

"(1) that the evidence is such as will probably change the result if a new trial is granted, (2) that it has been discovered since the trial, (3) that it could not have been discovered before the trial by the exercise of due diligence, (4) that it is material to the issue, and (5) that it is not merely cumulative or impeaching, unless it is clear that such impeachment would have resulted in a different verdict."

See also, *State v. Heald*, Me., 395 A.2d 457 (1978); *State v. McDonough*, Me., 350 A.2d 556 (1976); *State v. Sawyer*, Me., 314 A.2d 830 (1974); *State v. O'Clair*, Me., 292 A.2d 186 (1972).

The issue generated by the defendant's motion for a new trial, assuming that Levesque's present testimony is to be considered newly discovered evidence, is, whether upon a review of the whole evidence—new and old—it appears probable that another jury, given the new evidence with the old evidence, would *probably* return a different verdict. *State v. Dodge*, 124 Me. 243, 127 A. 899 (1925). A motion for a new trial should not be granted on the ground of newly discovered evidence, unless the evidence is such as ought to produce, on another trial, an opposite result. *State v. Stain*, 82 Me. 472, 20 A. 72 (1890).

Harding in the instant case, seeking a new trial on the basis of Levesque's proffered testimony which we assume for the purpose of this appeal to be "newly discovered" evidence within the scope of Rule 33, M.R.Crim.P., had the burden of making a clear showing that a different verdict would result upon a retrial. *State v. Heald*, supra, 395 A.2d at 458. Viewing the new evidence in a light most favorable to the defendant in the totality of the evidence, old and new, we cannot say that the defendant has met his burden. In reviewing the evidence, we cannot find that the Justice below was clearly in error, but agree with him that the defendant has failed to demonstrate that another jury, given the new evidence, would reach an opposite result.

It is true that Levesque's testimony conflicted with Gould's version of the sequence of events in that Levesque stated it was Gould who had entered the building, while Harding and himself stood outside; Gould testified that he went inside after Harding and Levesque had made their entry, admitting that he had ripped the CB radio from

the wall. But the subsequent details of their flight from the area and the deposit of the radio with Levesque's friend to try and locate a buyer were in substantial agreement. The new evidence, if accepted at face value, would support a verdict of guilty of burglary against the defendant, even if he had not entered the premises, as an accomplice under 17-A M.R.S.A., § 57, where, with intent of facilitating the commission of the crime, he aided another person, Gould, in committing the crime. The defendant's girlfriend at Harding's trial did provide evidence of such aid when she testified that the defendant had told her he had yelled to Gould: "Don't rip it out of the wall. Cut the wires in back of the CB set so they won't notice it missing." This testimony, in fact, supported in part Gould's version that Harding was an active participant in the burglary and theft.

There was other evidence furnished by Harding's girlfriend at his trial which would cast suspicion on Levesque's testimony, such as the obvious pressure put upon Gould by Harding and Levesque on three separate occasions to make sure that Gould would exonerate both at trial.

Without a transcript of the Levesque trial, we cannot determine whether the evidence at Levesque's trial was identical in all its material aspects as that produced at the prosecution of Harding which resulted in the defendant's conviction and we will not assume that the evidence was the same from a silent record.

 The court may grant a new trial to a defendant if required in the interest of justice pursuant to Rule 33, M.R.Crim.P., but mere hope that another jury may reach a different conclusion, even on the same evidence, is not sufficient reason for the granting of a new trial in the interest of justice. See *Garrella v. State*, 61 Wis.2d 351, 212 N.W.2d 101 (1973).

Where the presiding Justice's denial of the defendant's motion for a new trial was based upon a careful examination of the evidence as a whole, the old and the new, his finding that the proposed "newly discovered" evidence is of such character "as will

probably not change the result if a new trial is granted" was not clearly erroneous. The instant record does not present a case in which sound judicial discretion has been abused. See *State v. Drake*, 11 Or. 396, 4 P. 1204 (1884).

The entry will be:

Appeal denied.

Order denying motion for a new trial affirmed.

DELAHANTY, GODFREY and NICHOLS, JJ., did not sit.