**STATE of Maine**

v.

**Merwin COLLINS, III.**

Supreme Judicial Court of Maine.

Argued March 3, 1980.

Decided July 16, 1980.

David W. Crook (orally), Dist. Atty., Skowhegan, for plaintiff.

Nale & Nale, John E. Nale (orally), Waterville, for defendant.

Before McKUSICK, C. J., and GOD-FREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

NICHOLS, Justice.

Following a jury trial in Superior Court in Somerset County the Defendant, Merwin Collins III, was adjudged guilty of burglary (17–A M.R.S.A. § 401). He thereafter filed a motion for a new trial on the ground of newly discovered evidence, pursuant to M.R.Crim.P. 33, asserting that the recantation of trial testimony subsequent to trial and conviction by a key witness called by the State entitled him to a new trial. The Superior Court denied that motion and the Defendant appealed.

We affirm the Superior Court's decision.

At the jury trial, on May 30, 1979, Ross Workman testified that he and the Defendant burglarized the Canadian Trail Camps Store in Moscow, Maine. The State also presented two additional witnesses who identified the Defendant as having been present at the time and place of the alleged break, put into evidence a photograph showing that the store window had been jimmied, and presented the testimony of a police officer that he observed fresh snowprints inside the closed store.

After the jury trial, but sometime before the Defendant was sentenced, Workman wrote and signed an unsworn statement in which he took full responsibility for the burglary by stating that "[the Defendant] didn't know what [Workman] was doing" when Workman entered the store.

At the hearing at which sentence was imposed, the Defendant's counsel submitted a motion for new trial arguing that Work-

man's recantation was newly discovered evidence entitling him to a new trial. Ross Workman was present at the hearing. When questioned by the presiding justice, Workman renounced the recantation, claiming that he had been pressured by the Defendant's family into helping the Defendant, and that the idea for the statement had come from Defendant's counsel. Workman said the written statement was "not true", and he reaffirmed the truth of the original trial testimony.

■ The decision of the Superior Court to deny the Defendant's motion must stand unless clearly erroneous.

As the Justice's responsibility of hearing the new testimony, observing the conduct of the witness, weighing the value of the evidence and its potential for resulting in a different verdict if presented at a new trial . . . is essentially a determination of fact, his decision must stand on appeal unless it is clearly erroneous.

*State v. Heald*, Me., 395 A.2d 457, 458–459 (1978); *State v. Sawyer*, Me., 314 A.2d 830, 834 (1974).

It is unnecessary to repeat here the five-point test to be applied to a motion for a new trial on the ground of newly discovered evidence. On more than one occasion in the past this Court has taken the opportunity to discuss that test in the context of whether an alleged recantation by a witness will justify the granting of a new trial. *See State v. Heald, supra; State v. Lewis*, Me.,

373 A.2d 603, 610–611 (1977); *State v. Frost*, Me., 315 A.2d 198, 199–200 (1974); *State v. Sawyer, supra; Swett v. State*, Me., 268 A.2d 814, 816 (1970); *State v. Casale*, 150 Me. 310, 313, 110 A.2d 588, 589 (1954).[1]

■ It appears that the presiding justice evaluated the probable impeachment effect of the recantation, along with the witness' repudiation of his recantation at the hearing, and was not satisfied that it was clear that the new evidence would result in a different verdict if the case were retried.

Having reviewed the entire record, including all of the State's evidence presented against the Defendant at his trial, the witness' written recantation, and the transcript of the hearing at which he repudiated the recantation, we agree with the Superior Court that the Defendant has failed to demonstrate that a new jury would probably reach an opposite result.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.

---

1. *Cf., State v. Harding*, Me., 408 A.2d 1003, 1005 (1979); *State v. McDonough*, Me., 350     A.2d 556, 560–561 (1976).