2001 ME 5

**MORSE BROTHERS, INC.**

v.

**Barbet MASON et al.[1]**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 21, 2000.
Decided Jan. 9, 2001.

---

1. The named defendants are the trustees of the Maine Motor Transport Workers' Compensation Trust: Barbet Mason, Paul Cottrell, George Parke, Robert Cort, James Lynch, Edward Thayer, John Babb, and John Austin (collectively "Trustees").

Susan E. Oram, Esq., Bonneau & Geismar, LLC, Lewiston, for plaintiff.

John P. McVeigh, Esq., Evan Hansen, Esq., Preti Flaherty Beliveau & Pachios, LLC, Portland, for defendants.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] Morse Brothers, Inc. appeals from the judgment entered in the Superior Court (Androscoggin, *Delahanty, J.*) dismissing its claims against the Trustees of the Maine Motor Transport Association Workers' Compensation Trust as barred by the prior litigation between the parties. On appeal, Morse Brothers argues that neither res judicata, accord and satisfaction, nor their failure to assert a counterclaim in the prior action bars the present litigation. We conclude that the present claims are barred as omitted compulsory counterclaims in the prior action.

[¶ 2] The underlying facts may be summarized as follows: The Maine Motor Transport Workers' Compensation Trust is a Maine Workers' Compensation Trust established for Workers' Compensation self-insurance purposes. Morse Brothers participated as a member of the Trust from 1993 to 1997. In 1994, the Trustees adopted a policy to prohibit the payment of refunds to members who have departed the Trust. If the refund is declared after the member has left the trust, the policy applies even though the refund relates to a year in which the departed member participated fully. In the present case, the Trustees declared refunds for 1995 and 1997 after Morse Brothers had withdrawn from the Trust. Morse Brothers did not receive any portion of these refunds even though they participated in the Trust during the two years in question.

[¶ 3] In 1998, the Trust sued Morse Brothers for unpaid premiums and other assignments that were incurred while they participated in the Trust. Morse Brothers denied the Trustees' claims and initially asserted nine affirmative defenses, includ-

ing one for a setoff against any amount owed for the amount of the refunds that Morse Brothers had not received. Seven months later, Morse Brothers moved to amend its answer and assert counterclaims relating to the unpaid refunds, but the Superior Court denied the motion because Morse Brothers could have asserted its counterclaims earlier. The parties subsequently settled the case and stipulated to a partial dismissal with prejudice of all of the Trust's claims against Morse Brothers except for a claim for attorney fees. Morse Brothers subsequently initiated the present suit to recover the unpaid refunds.

■ [¶ 4] The Trustees argue that the Superior Court was correct in dismissing Morse Brothers's claims because, as compulsory counterclaims in the prior litigation, they are barred by the dismissal of the prior action.[2] Morse Brothers, however, counters that its claims were not compulsory counterclaims because their resolution would have required factual findings and legal conclusions distinct from those in the prior proceeding. The legal sufficiency of a complaint challenged by a motion to dismiss is a question of law that we review de novo. *Hawley v. Murphy*, 1999 ME 127, ¶ 5, 736 A.2d 268, 270.

■ [¶ 5] Under principles analogous to res judicata, a defendant who fails to assert a compulsory counterclaim, as required by Rule 13(a) of the Maine Rules of Civil Procedure, "is precluded from later maintaining another action on the claim after rendition of judgment." *KeyBank Nat'l. Ass'n. v. Sargent,* 2000 ME 153, ¶ 17, 758 A.2d 528, 534 (quoting *Bartlett v. Pullen,* 586 A.2d 1263, 1265 (Me.1991)). Rule 13(a) provides in part:

(1) *Pleadings.* Unless otherwise specifically provided by statute ... a pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim....

M.R. Civ. P. 13(a)(1). In deciding whether the facts of a controversy constitute a "transaction or occurrence," we consider "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *KeyBank Nat'l. Ass'n.,* 2000 ME 153, ¶ 17, 758 A.2d at 534 (quoting *DiPietro v. Boynton,* 628 A.2d 1019, 1022 (Me.1993)). In the present case, Morse Brothers's claims were compulsory counterclaims in the prior action because they arose from the same "transaction or occurrence" that was the subject matter of the Trust's prior claims: Morse Brothers's obligations and entitlements arising from its membership in and separation from the Trust. Because Morse Brothers did not properly assert these claims in the prior action, Rule 13(a)(1) now bars it from doing so in the present case.

The entry is:

Judgment affirmed.

---

**2.** The Superior Court did not specify the basis for dismissal. It concluded simply: "Plain-

tiffs' claims are barred by the termination of the prior litigation."