STATE OF MAINE
CUMBERLAND, ss.

DISTRICT COURT
DOCKET NO. CV-10-808
MGK- CUM -9/10/2010

JESSICA ROBINSON,
MATTHEW ESTY, and
ESTY, INC.,

        Plaintiffs

v.

WENDY NORTHRUP,
and
GERARD ZARRILLI,

        Defendants.

**ORDER & DECISION**



STATE OF MAINE
Cumberland ss. Clerk's Office

SEP 10 2010

RECEIVED

## DECISION AND ORDER

This matter comes before the court on the motion of Defendants Wendy Northrup and Gerard Zarrilli ("Defendants") to dismiss the May 4, 2010 complaint filed by Plaintiffs Jessica Robinson, Matthew Esty, and Esty, Inc. ("Plaintiffs" or "Esty"). Defendants argue that the Plaintiffs' claims are compulsory counterclaims under Rule 13(a) that they failed to assert in the action docketed as CV-2008-1017 ("2008 action"). The Defendants also request that sanctions be imposed on the Plaintiffs. The Plaintiffs oppose both the motion to dismiss and the request for sanctions.

### FACTS AND PROCEDURAL HISTORY

On August 7, 2008, RH Maine, LLC filed a complaint in this court against Gerard Zarrilli and Wendy Northrup for breach of a lease agreement. RH Maine argued that Zarrilli and Northrup failed to pay rent and expenses for certain premises located in Gorham, Maine where they operated and ran a restaurant called "Sierras". Zarrilli and Northrup filed an answer and numerous counterclaims in response, as well as a Third Party Complaint against Matthew Esty, Jessica Robinson, and Esty, Inc. as Third Party

Defendants. Zarrilli and Northrup claimed that in 2006 they entered into several agreements with Esty for the purchase of the restaurant they owned located on the property owned by RH Maine. Zarrilli and Northrup claimed that they terminated their lease with RH Maine, that RH Maine then leased the location without a written lease agreement to Esty, and that RH Maine's claims against Zarrilli and Northrup for unpaid rent and utilities were actually the responsibility of Esty. Esty answered the third party complaint on December 1, 2008, generally denying the claims, as well as stating the following affirmative defenses: failure to state a claim upon which relief can be granted; laches, waiver, and estoppel; unclean hands; lack of consideration; and Statute of Frauds. Esty did not file a counterclaim.

After the time for discovery in the 2008 action had passed, Robinson, Esty, and Esty Inc. filed a ten-count complaint[1] against Zarrilli and Northrup—the current action before the court. In their complaint Plaintiffs allege that Defendants had a lease with RH Maine that they were never privy to, and that through the ongoing negotiations for the sale of the restaurant and for a lease agreement the Defendants indicated that RH Maine was amenable to a transfer of lease and/or an assignment or sublease of the property on which the restaurant was located on. The Plaintiffs claim that the Defendants drafted a transfer of lease that was signed by the Plaintiffs and Defendants, but not by RH Maine, knowing that RH Maine would not sign the lease, rendering the bill of sale void. The Plaintiffs also allege that the Defendants made certain misstatements regarding the restaurant finances and sales revenues, and that there were

---

[1] The Plaintiffs' current complaint alleges claims for: Fraud as to Northrup (Count I); Fraud as to Zarrilli (Count II); Negligent Misrepresentation as to Northrup (Count III); Negligent Misrepresentation as to Zarrilli (Count IV); Negligence as to Northrup (Count V); Negligence as to Zarrilli (Count VI); Unjust Enrichment as to Northrup (Count VII); Unjust Enrichment as to Zarrilli (Count VIII); Punitive Damages as to Northrup (Count IX); and Punitive Damages as to Zarrilli (Count X).

2

concerning discrepancies in the Defendants' bookkeeping. Additionally, Plaintiffs claim that after the sale of the restaurant to the Plaintiffs from the Defendants was complete, the Defendants continued to solicit potential buyers of the restaurant by indicating that the contract between the Plaintiffs and Defendants was not binding. Plaintiffs' complaint, allowing liberal construction and inference and with reliance on clarifying oral argument, contends that they paid over $14,000.00 to Defendants for the purchase of the restaurant as a result of the Defendants' fraudulent and negligent misrepresentations. The Plaintiffs filed the current complaint against the Defendants on June 9, 2010.

Defendants argue that the claims that Plaintiffs bring against it in this case should have been brought against it in the 2008 action under M.R. Civ. P. 13(a). Plaintiffs disagree, arguing that the claims are based on different and unrelated transactions or occurrences.

## DISCUSSION

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. "Dismissal of a civil action is proper when the complaint fails 'to state a claim upon which relief can be granted.'" *Bean v. Cummings*, 2008 ME 18, ¶ 7, 939 A.2d 676, 679 (citing M.R. Civ. P. 12(b)(6)). In determining whether a motion to dismiss should be granted, the court considers "the allegations in the complaint in relation to any cause of action that may reasonably be inferred from the complaint." *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830, 832. The facts alleged are treated as admitted, and they are viewed "in the light most favorable to the plaintiff." *Id.* The court should dismiss a claim only "when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he [or

3

she] might prove in support of his [or her] claim." *Id.* (quoting *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244, 1246).

Rule 13(a) states:

> (1) Pleadings. Unless otherwise specifically provided by statute . . . a pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

M. R. Civ. P. 13(a).

"Under principles analogous to res judicata, a defendant who fails to assert a compulsory counterclaim, as required by Rule 13(a) of the Maine Rules of Civil Procedure, 'is precluded from later maintaining another action on the claim after rendition of judgment.'" *Morse Bros, Inc. v. Mason*, 2001 ME 5, ¶ 5, 764 A.2d 267, 269 (citing *KeyBank Nat'l. Ass'n. v. Sargent*, 2000 ME 153, ¶ 17, 758 A.2d 528, 534)). The Law Court has stated:

> In deciding whether the facts of a controversy constitute a 'transaction or occurrence,' the court considers 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'

*Id.*

In the present case there has been no final judgment in the 2008 action. There is a strong policy in favor of deciding cases on the merits, rather than dismissing on procedural grounds. *See e.g. Wescott v. Allstate Ins.*, 397 A.2d 156, 163 (Me. 1979) ("It is the policy of the law to favor, wherever possible, a hearing on the merits, whether at the trial level or at the appellate level.").

Upon examination of the underlying facts and causes of action in both cases and after hearing, the court concludes that the motion to dismiss is granted as to Plaintiffs'

4

claims relating to the lease agreement between RH Maine and Zarrilli and Northrup and any alleged related assignment or sublease to the Plaintiffs, as these issues are currently being litigated in the 2008 action. The Plaintiffs raised numerous affirmative defenses to the Third Party Complaint filed against them in the 2008 action, and will have an opportunity in that case to address the claims centering on the lease issue.

However, the motion to dismiss is denied as to the Plaintiffs' causes of action relating to the circumstances surrounding the allegations of misrepresentations regarding the finances and sale of the restaurant, as these facts are decidedly not "related in time, space, origin, or motivation" to the lease agreement, and litigating them with the 2008 action would not "form a convenient trial unit." *See Morse*, 2001 ME 5, ¶ 5, 764 A.2d at 269 (internal citations and quotations omitted). Accordingly, the Defendants' request for sanctions is denied.

The entry is:

Defendants' motion to dismiss is DENIED in part and GRANTED in part.

Defendants' request for sanctions is DENIED.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Decision and Order by reference in the docket.

Dated: 9/10/10

Mary Gay Kennedy, Judge

5