STATE OF MAINE
KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-23-08

DENISE L. BUCK,

      Plaintiff,

  v.

THE BANK OF NEW YORK
MELLON AS TRUSTEE FOR
CWABS, INC.,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)

**ORDER ON PENDING MOTIONS**

This case is one of two civil actions involving Plaintiff Denise L. Buck and Defendant the Bank of New York Mellon, trustee for CWABS, Inc. ("the Bank"). In the motion pending before the court, the Bank seeks (1) to enlarge the deadline to file a responsive pleading and (2) to dismiss or stay Ms. Buck's complaint. For the following reasons, the court grants the Bank's motion to enlarge the deadline to file an answer and stays the case pending final judgment in a related matter.

**PROCEDURAL HISTORY**

In a separate action before the District Court, the Bank initiated foreclosure proceedings against Ms. Buck in connection with certain property located in Winthrop, Maine. *See Bank of New York v. Buck*, No. AUGDC-RE-20-19. In March 2023, Ms. Buck moved to dismiss the foreclosure complaint on the grounds that the Bank failed to produce sufficient evidence of the existence of the mortgage. As far as the court is aware, the motion to dismiss remains pending in the District Court.

1

Shortly after filing the motion to dismiss, Ms. Buck, representing herself, initiated the present action against the Bank. Citing 14 M.R.S. § 6651 (Proceedings to Quiet Title) and 14 M.R.S. § 5951 (the Declaratory Judgments Act), Ms. Buck asserts that the foreclosure action is fraudulent, "put[s] a cloud . . . on the title of the property," and makes it "impossible for [her] to enjoy the sale of the property as it voids [the property's] market value." Pl.'s Compl. ¶ 2. Ms. Buck requests damages as well as "any other equitable and[/]or lawful decision made by the court." Pl.'s Compl. ¶ 14. Ms. Buck further alleges, as she did in her motion to dismiss the foreclosure action, that the Bank initiated foreclosure proceedings without producing proper evidence of the mortgage and asks the court to declare the foreclosure proceedings void if the Bank cannot produce a "genuine mortgage." Pl.'s Compl. ¶¶ 3, 11-13.

The Bank failed to file a timely answer, after which Ms. Buck requested that default and default judgment be entered against the Bank. Neither the clerk nor the court has acted on that request. The Bank thereafter filed the present motion requesting that the court (1) enlarge the deadline to file a responsive pleading and (2) dismiss or stay this action. Ms. Buck has not filed a response to the Bank's motion.

## DISCUSSION

*Motion to Enlarge Deadline.* The Bank seeks leave to enlarge the deadline to file a responsive pleading. Default has not been entered pursuant to M.R. Civ. P. 55. Moreover, the court accepts the Bank's representation that its failure to answer

was due to ordinary oversight and furthermore concludes that the plaintiff will not be unduly prejudiced by the extension requested. Accordingly, the court will allow the Bank to file a late responsive pleading.

***Motion to Dismiss or Stay.*** The Bank argues that (1) dismissal is warranted because Ms. Buck's complaint fails to state a claim upon which relief may be granted, *see* M.R. Civ. P. 12(b)(6); and (2) to the extent the complaint states a claim, it brings a compulsory counterclaim under M.R. Civ. P. 13(a)(1) that should have been asserted in the foreclosure action. Alternatively, the Bank argues that this matter should be stayed pending the outcome of the foreclosure proceedings in the District Court.

The court declines to dismiss the present action as the Bank requests. First, contrary to the Bank's contentions, the complaint is sufficient to survive a motion to dismiss for failure to state a claim under M.R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, the court examines the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Oakes v. Town of Richmond*, 2023 ME 65, ¶ 15, —A.3d— (quotation marks omitted). "A dismissal should only occur when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that [she] might prove in support of [her] claim." *Id.* (quotation marks omitted). "Importantly, because Maine is a notice-pleading jurisdiction, the level of scrutiny used to assess the sufficiency of a complaint is forgiving." *Id.* ¶ 16 (quotation marks omitted).

3

Ms. Buck's complaint satisfies this "forgiving" standard. *Id.* While the Bank characterizes Ms. Buck's complaint as one of "fraudulent foreclosure" for which no cause of action exists, the complaint nevertheless cites to 14 M.R.S. § 6651, governing proceedings to quiet title, as well as 14 M.R.S. § 5951, the Declaratory Judgments Act. Moreover, the complaint asserts that the Bank's actions "put[] a cloud . . . on the title of the property," which makes it "impossible for [Ms. Buck] to enjoy the sale of the property as it voids [the property's] market value." Pl.'s Compl. ¶ 2. Favorably construed, the complaint may be viewed as a declaratory judgment action to quiet title to the property at issue. *See Welch v. State*, 2004 ME 84, ¶ 6 n.3, 853 A.2d 214 (recognizing that "[a]lthough procedurally there are differences between quiet title actions brought pursuant to 14 M.R.S. §§ 6651–6662 [], and declaratory judgment actions brought pursuant to 14 M.R.S. §§ 5951–5963 [], a declaratory judgment action is a valid means of bringing what is functionally, a quiet title action" and both actions are appropriate for determining rights in real property).

The Bank's second basis for dismissal—that the complaint brings compulsory counterclaims that should have been asserted in the foreclosure action—similarly fails to persuade the court that this case should be dismissed at this juncture. Rule 13(a) states in relevant part:

> Unless otherwise specifically provided by statute . . . a pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . .

M.R. Civ. P. 13(a)(1).

In seeking dismissal under this rule, the Bank argues that the "claim here arises out of the same transaction or occurrence as the foreclosure action," and because Buck did not assert this claim in the foreclosure action, "she is barred from pursuing it" in this case. *See* Def.'s Mot. to Dismiss 4. For authority, the Bank looks to *Morse Bros. v. Mason*, in which the Law Court held that "[u]nder principles analogous to res judicata, a defendant who fails to assert a compulsory counterclaim, as required by Rule 13(a) of the Maine Rules of Civil Procedure, is precluded from later maintaining another action on the claim *after rendition of judgment.*" 2001 ME 5, 764 A.2d 267 (quotation marks omitted) (emphasis added). Here, the District Court has yet to render a final judgment in the foreclosure case. Accordingly, the court is not convinced that Maine law bars the present action at this juncture. *See id.*; *see also Efstathiou v. The Aspinquid, Inc.*, 2008 ME 145, ¶ 24, 956 A.2d 110 (explaining that claim that was a compulsory counterclaim in a previous action cannot stand if previous action was finally adjudicated).

The court nevertheless agrees with the Bank that this case should be stayed pending the outcome of the foreclosure proceedings. The facts and legal theories underlying both actions substantially overlap; staying the present matter will avoid duplicative litigation and mitigate the risk of inconsistent judgments. *See Cutler Associates, Inc. v. Merrill Tr. Co.*, 395 A.2d 453, 456 (Me. 1978) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

5

The entry is:

1. Defendant's motion to enlarge the deadline to file a responsive pleading is granted;

2. Defendant's motion to dismiss the present action is denied;

3. Defendant's motion to stay this case pending a final adjudication in case number AUGDC-RE-20-19 is granted;

4. The parties shall notify the court when a final judgment has issued in AUGDC-RE-20-19. Defendant's answer or further responsive pleading shall be due no later than 21 days after the court enters an order lifting the stay of this matter.

The clerk is directed to incorporate this order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: 10|19|23

Julia M. Lipez
Justice, Superior Court

6