KATHERINE C. LYON, and others, *vs.* M. CAREY LEA.

Hancock.    Opinion February 4, 1892.

*Way. Deed. Easement. Estoppel.*

The grantor in a deed conveyed certain premises to the grantee, reserving to himself for the benefit of his other land a right of way in a carriage road across the land conveyed, or, in the event of the carriage road being changed in route by the grantee, then in such substituted road, and also reserving a similar right in another road across such premises or in any new road substituted therefor. *Held;* that the grantee could substitute one

new road for the two former roads if the one be as convenient and beneficial for all the purposes of the grantor as the two would be.

ON REPORT.

This was an action on the case for disturbance of plaintiffs' rights of way which had been reserved to them in the defendant's land near Duck Brook, at Bar Harbor. The language of the reservation, providing for two distinct roads and substitutes therefor, is in a deed from plaintiffs' testator to the defendant, and is quoted in full in the opinion.

In 1884, Samuel E. Lyon, plaintiffs' testator, since deceased, being the owner of certain lands lying at Bar Harbor, and on the south westerly side of Eden Street near Duck Brook, rising abruptly from the street line, which land he had divided into lots numbered respectively one, two, three, and four, sold and conveyed to the defendant lots one and two.

Lots three and four bordered on Eden street, a public way, but the road which Lyon had been accustomed to use in reaching the reserved lots passed over the lots conveyed.

Until a short time before the conveyance to the defendant, Lyon had used an old road which passed from Eden street to his lots on the hill nearly parallel with, and near to Duck Brook. But the town had lately so lowered the grade of Eden street as to render the entrance to this old road impracticable, and to avoid this, Lyon had constructed what he called his "carriage road" starting from Eden street a little further from Duck Brook and terminating in the "old road" about half way up the hill.

At the time of the conveyance to the defendant, Lyon was accustomed to reach his lots number three and four by travelling up his carriage road to its junction with the old road and thence by the old road to his other lots. The portion of the old road below the junction was substantially if not entirely abandoned.

Since purchasing, Lea, the defendant, with the knowledge and acquiescence of Lyon and his heirs, built an expensive house upon his lot in such a position as to obstruct the so-called "carriage road," and claimed that Lyon not only acquiesced in the building of the house but actively assisted in laying it out.

The part of the old road below the junction was also obstructed (also with Lyon's knowledge and consent as contended by the defendant), and as a substitute for these narrow, steep and inconvenient ways, a broad, new road was built by the defendant.

What is now called Eden street is the county road leading northwesterly from Bar Harbor to Ellsworth and passes through a large tract of land of Lyon extending from the shore of the bay back a mile or more. Duck Brook flows northeasterly into the bay and is nearly parallel with the northwesterly side lines of lots one, and two. The land rises abruptly on the southwest side of Eden street, being both rough and hilly. Other physical conditions of the locus are stated in the opinion.

*Hale and Hamlin*, for plaintiffs.

Lyon gave Lea the right to change the two roads but reserved full rights in the substituted roads. Defendant has no right to obstruct either without furnishing a sufficient substitute.

Estoppel : *Steel* v. *Smelting Co.* 16 Otto, 447 ; *Brant* v. *Va. C. & I. Co.* 93 U. S. 327 ; *Crest* v. *Jack,* 3 Watts, 240 (27 Am. Dec. 354) ; *Henshaw* v. *Bissell,* 18 Wall. 255 ; *Knouff* v. *Thompson,* 16 Pa. St. 364 ; *Parker* v. *Barker,* 2 Met. 423 ; *Ferris* v. *Coover,* 10 Cal. 509 ; *Goodson* v. *Beacham,* 24 Geo. 150 ; *Hepburn* v. *McDowell,* 17 S. & R. 383.

Abandonment : *Dyer* v. *Sanford,* 9 Met. 395, 402 ; *Stokoe* v. *Singers,* 8 E. & B. 31 ; *Ward* v. *Ward,* 7 Exch. 838 ; *Lovell* v. *Smith,* 3 C. B. (N. S.) 120 ; *Jamaica, &c. Corp.* v. *Chandler,* 121 Mass. 3 ; *Hale* v. *Oldroyd,* 14 M. & W. 789 ; *Hayford* v. *Spokesfield,* 100 Mass. 491.

*Deasy and Higgins*, for defendant.

Estoppel and executed license : *Ballard* v. *Butler,* 30 Maine, 94 ; 3 Kent's Com. 448 ; *Pope* v. *Devereux,* 5 Gray, 409 ; *Smith* v. *Barnes,* 101 Mass. 278 ; *Larned* v. *Larned,* 11 Met. 421 ; *Gage* v. *Pitts,* 8 Allen, 527 ; *Curtis* v. *Noonan,* 10 Allen, 406 ; *Dyer* v. *Sanford,* 9 Met. 395 ; *Morse* v. *Copeland,* 2 Gray, 304. Counsel also cited : *Welland Canal Co.* v. *Hathaway,* 8 Wend. 480 ; *Taylor* v. *Hampton,* 4 McCord, 96 ; *East Ind. Co.* v. *Vincent,* 2 Atk. 83 ; *Veghte* v. *Water Company,*

19 N. J. Eq. 153; *Crain* v. *Fox*, 16 Barb. 184; *Winter* v. *Brockwell*, 8 East, 308; *Pope* v. *O'Hara*, 48 N. Y. 446; *Marble* v. *Whitney*, 28 N. Y. 297; *Ringe* v. *Baker*, 57 N. Y. 209; *Brooks* v. *Curtis*, 4 Lans. 283; Bigelow on Estoppel, p. 513; Angel on Water Courses, 296–308, 318–322.

PETERS, C. J.    A grantor (represented by these plaintiffs as his executors and trustees) conveyed a parcel of land to the grantee (the defendant) with this reservation in the deed: "Also saving and reserving to the said Lyon, his heirs and assigns, a full and free right of way over the carriage road lately made by him [said Lyon] over the parcel herein intended to be conveyed, to lots numbered three and four on said plan, or, in the event of said carriage road being changed in route by the said M. Carey Lea, his heirs or assigns, over such new or substituted road, and also reserving to the said Lyon, his heirs and assigns, a right of way over the old road through said premises herein intended to be conveyed, near said Duck Brook, to said lots numbered three and four on said plan, or over any new or substituted road for said old road in the event of the route of said road being changed by the said M. Carey Lea, his heirs or assigns."

The case presents a question of law and also one of fact. The question of law is whether the grantee could substitute one new road for the two former roads, if the one be equally as convenient and beneficial for the purposes of the grantor as the two would be.    The plaintiffs have sued the defendant for blocking up one of the roads named in the reservation and thereby rendering it impassable.    The question of fact is whether or not the defendant has furnished such a substituted road.    We think both questions must be decided in favor of the defendant.

It is clear that the parties to the deed were not contemplating by the reservation anything more than an outlet for travel from the grantor's remaining lands across the parcel sold to the grantee.    The grantor cared nothing for the roads excepting as his convenience might be subserved thereby.    And the reser-

vation was intended to be descriptive of the nature and amount of the benefit to be enjoyed. Therefore, the grantee was at liberty to establish new ways for the old, or, in other words, to establish other means by which the same kind and extent of convenience would be ensured as existed before. It was not the number of roads so much as the amount of road that was to be reserved. The grantee could substitute a new road for either of the old ones, and why not one for both of them, if one be capable of bearing the burden and dispensing the benefits of both? The grantee is not limited to any locality for the new routes. He may locate them as he pleases for his own convenience. The implication derived from the wording of the reservation is that the grantee's wants might require a change or changes. Of course, any change or substitution must be just and reasonable according to the circumstances. Each party has his rights. No one would deny that the two substituted roads could be laid out near each other, or exactly aside each other, and we do not see why the two may not be converted into one. A double road would fill the place of two single roads. Easements are of flexible adaptation. One may be laid out under, over or across another. Circumstances must govern the right and expediency of such location.

The principle thus elucidated fairly applies to the present case. It seems that the "old road," so-called, was the first one constructed, a rough, hilly and incompleted way, denominated by the witnesses a "cart-track," and rarely used after the second road was built. Finally it became impracticable to enter upon it at its termination upon Eden street on account of a change in the grade and construction of Eden street, at that point, caused by the town authorities.

The old road not suiting the proprietor (grantor), he constructed another way upon another route through his premises, called "the carriage road" in contradistinction from the "cart road" spoken of. It does not appear that he desired or needed two roads for his purposes, but a better road was desirable. He had no buildings upon the land and has none now, more than a small summer-house on an elevated point of the territory,

not intended for or used as a habitation. We infer that it was not a design of his to require two reservations, but he retained the right to use the two ways if they were kept open, or should there be no reasonable road substituted for them. He wanted the use of the two roads or an equivalent privilege.

It is hardly to be supposed that the grantor would be willing to maintain and keep in repair two roads across the grantee's land, and we do not see that the burden is cast upon the grantee to keep such roads or any road in repair for him. As it now is, however, the new substituted road, to be spoken of, will necessarily be kept in repair by the grantee as it leads to and past his own expensive structures upon the purchased property. And this is an element of consideration in an endeavor to ascertain the intention of the parties as to the reservations in the deed.

The conduct and declarations of the grantor during the progress of the work done by the grantee in constructing the new substitute-road, and in erecting costly buildings partly upon the carriage road the shutting up of which is the act in this action complained of, are strong facts indicating that the grantor construed his own rights as we now do, and that the changes now complained of were then unobjectionable to him. The defendant gave five thousand dollars for his ten acres of land outside of the village of Bar Harbor, and improved the same with structures and roads at a cost of forty thousand dollars more. His grantor saw him obstruct the carriage way in a manner that cannot be easily undone, and seemed indifferent to it. He saw the new road as it was being built and expressed no dissatisfaction with it. On the contrary, he told a workman of the defendant that he need not expend anything on the old road as he should use the new. His silence affirmed his approval of the acts done. The plaintiffs in their testimony do not express much, if any, dissatisfaction with a single road, objecting only to its location.

The defendant has constructed what is his new way — the substitute-way — commencing near the location of the carriage way at Eden street, thence running to and along the old road,

pursuing substantially the location of the old road until reaching the junction of the two former roads, and then extending to the plaintiffs' territory. The old road and carriage road united before leaving defendant's land; the location from that point onward remaining now as before. We are satisfied from the evidence that this new way, substituted for the two formerly existing ways, affords more convenience and is susceptible of a better practical use than the two others together. The objections urged against it seem to us to be imaginary and not substantial.

It is called to our attention that the new way does not preserve the terminus of either of the old ways at Eden street. But it is within a few rods of either and in a more practicable and desirable place. The object is merely to reach Eden street. If plaintiffs' land extended to that point there would be more in the objection; but it does not.

It is said that the new road is more circuitous than the carriage road. It had to be so in order to gain a regular grade up to the summit of a high hill that must be ascended; but it is not unnecessarily so. The road was constructed upon scientific principles, was costly, and is one of the best in the locality. It was constructed so as to admit of the carriage of loads which horses could not possibly haul over the old roads.

It is also said that, in that hilly region where the roads must from necessity be narrow in places, it is desirable to have one road up and another down the hill to avoid the meeting of teams. We doubt if two roads were ever built in this State for such a purpose. Even if the plaintiffs saw fit to travel in that way with their teams, the defendant would not be compelled to do so, and collisions would, perhaps, be as likely to occur if there were two roads instead of one. But the evidence shows that the single road is wide enough to make collisions avoidable.

It is also said that in the new road there is quite a length of retaining wall on the side-hill which requires a railing. The defendant does not admit that there is such requirement. While the new road may possibly now or at some later day disclose some minor imperfections, on account of which, unless

amended, the plaintiffs would be entitled to some remedy for their protection, we do not think they have shown the existence of any structural defects or omissions in the road, to entitle them to maintain this action.

*Judgment for defendant.*

WALTON, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.