**STATE of Maine**

v.

**Kenneth P. GATCOMB.**

Supreme Judicial Court of Maine.

Argued June 9, 1983.

Decided Aug. 1, 1983.

Michael E. Povich, Dist. Atty., Gary L. Greene (orally) Asst. Dist. Atty., Ellsworth, for plaintiff.

Vafiades, Brountas & Kominsky, Jeffrey L. Hjelm (orally), Lewis V. Vafiades, Bangor, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS and VIOLETTE, JJ.

MEMORANDUM OF DECISION.

The Defendant was convicted October 28, 1982, of gross sexual misconduct, 17–A M.R.S.A. § 253, after a jury trial in Superior Court, Hancock County. On appeal he contends for the first time that the indictment is fatally defective because it was signed by the deputy foreman of the grand jury instead of the foreman, and, therefore, the court below had no jurisdiction. The Defendant also challenges the sufficiency of the evidence. We affirm the judgment.

We find no merit in the Defendant's argument concerning the indictment. An indictment is invalid and constitutes a jurisdictional defect only if the State has failed to allege an essential element of the crime charged. *State v. Davenport,* 326 A.2d 1, 9 (Me.1974). The indictment in this case suffers from no jurisdictional defect. In failing to raise an objection to the indictment at trial, the Defendant waived any right to appellate review on the issue which he now asserts.

■ When a defendant challenges the sufficiency of the evidence on appeal, this Court will set his conviction aside only if, after reviewing the evidence in the light most favorable to the prosecution, we determine that no fact finder could rationally have found the defendant guilty beyond a reasonable doubt. *State v. Atkinson,* 458 A.2d 1200, 1205 (Me.1983); *State v. Joy,* 452 A.2d 408, 411 (Me.1982). This is not such a case.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.