**STATE of Maine**

v.

**Kenneth GATCOMB.**

Supreme Judicial Court of Maine.

Argued May 10, 1984.

Decided Aug. 1, 1984.

Michael E. Povich, Dist. Atty., Richard G. Bergeron (orally) Asst. Dist. Atty., Ellsworth, for plaintiff.

Vafiades, Brountas & Kominsky, Lewis V. Vafiades, Jeffrey L. Hjelm (orally), Bangor, for defendant.

---

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, and SCOLNIK, JJ.

GLASSMAN, Justice.

Kenneth Gatcomb appeals from an order entered January 3, 1984 which denied his motion for a new trial filed July 21, 1983, pursuant to M.R.Crim.P. 33, alleging he was not tried by an impartial jury. Finding the Superior Court should not have entertained the motion, we vacate the order.

On January 28, 1983, judgment was entered against the defendant, following a jury trial in the Superior Court, Hancock County, in which he was found guilty of two counts of gross sexual misconduct, 17–A M.R.S.A. § 253.

During the pendency of an appeal from the judgment,[1] defense counsel learned that one of the jurors, although she had failed to respond to a question on voir dire seeking to elicit information about sexual misconduct involving potential jurors or members of their families, had in fact been sexually assaulted when she was a child. On the basis of this information the defendant filed this motion for a new trial.

After hearing, the court denied the motion, finding the juror who had failed to respond on voir dire was not biased, and statements she had made to the other jurors about her experience did not constitute extraneous prejudicial information which would be presumed to have affected the verdict and entitle the defendant to a new trial. From the denial of his motion, the defendant appeals to this court.

M.R.Crim.P. 33 provides, in pertinent part:

A motion for a new trial based on any ground other than newly discovered evidence shall be made within ten days after verdict or finding of guilty or within such

further time as the court may fix during the ten-day period. A motion for a new trial based on the ground of newly discovered evidence may be made only before, or within two years after, final judgment.

The defendant's motion was made approximately seven months after final judgment was rendered against him. Therefore, in order for the court properly to have entertained the motion, Gatcomb's allegation of juror misconduct must constitute "newly discovered evidence," within the meaning of Rule 33. *State v. Westphal,* 349 A.2d 168, 170 (Me.1975).

■ We decline to adopt such an expansive definition of "newly discovered evidence." Although we are aware other courts have taken a different view,[2] it has always been our position that the kind of evidence contemplated by the rule is solely that which bears on the guilt or innocence of the accused. For instance, in *State v. Clements,* 431 A.2d 67, 69 (Me.1981), we held "ineffective assistance of counsel at trial cannot qualify as 'newly discovered evidence'; it is not 'evidence' at all that could be presented to a jury as having relevance to the innocence or guilt of defendant." We believe the same to be true of discovery of juror misconduct; it, unlike other kinds of new information which may come to light after judgment has been entered, does not concern the substance of the state's case or the accused's defense. Prior decisions of this court, for example, have viewed as newly discovered evidence, postjudgment recantations by witnesses against the accused, *State v. Pierce,* 438 A.2d 247 (Me.1981); *State v. Campbell,* 423 A.2d 952 (Me.1980); *State v. Meyer,* 423 A.2d 955 (Me.1980); *State v. Collins,* 416 A.2d 732 (Me.1980); *State v. Heald,* 395 A.2d 457 (Me.1978); *State v. Sawyer,* 314 A.2d 830 (Me.1974), information that some-

---

1. *State v. Gatcomb,* 463 A.2d 281 (Me.1983).

2. *E.g., Holmes v. United States,* 284 F.2d 716 (4th Cir.1960); *Armstrong v. United States,* 228 F.2d 764 (8th Cir.1956); *Rubenstein v. United States,* 227 F.2d 638 (10th Cir.1955); *United States v.*

*Wander,* 465 F.Supp. 1013 (W.D.Pa.1979); *United States v. Mitchell,* 410 F.Supp. 1201 (D.D.C. 1976), *aff'd,* 559 F.2d 31 (D.C.Cir.), *cert. denied,* 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977).

one other than the accused committed the crime, *State v. Lord,* 458 A.2d 432 (Me. 1983); *State v. O'Clair,* 292 A.2d 186 (Me. 1972), falsification of credentials by the state's key expert witness, *State v. Spearin,* 467 A.2d 173 (Me.1983), and whether the state's expert had in fact performed lab tests, *State v. Ruybal,* 408 A.2d 1284 (Me. 1979). In all of these cases the Superior Court correctly viewed the defendant's motion for a new trial, coming within two years of the final judgment, as predicated on newly discovered evidence.

■ Our decision today, that information concerning juror misconduct discovered after the verdict or finding of guilty does not constitute newly discovered evidence within the meaning of Rule 33, does not leave the defendant without a remedy. Our holding clearly means that such an allegation cannot be a ground for a motion for a new trial unless the motion, absent an extension, is made within 10 days after the verdict. However, if the information is discovered beyond the 10-day period, the defendant is free to make this allegation in a petition for post-conviction relief, brought pursuant to 15 M.R.S.A. §§ 2121–2132 (Supp.1983–1984). *See Lewisohn v. State,* 433 A.2d 351 (Me.1981) (allegation that juror was biased reviewed on Lewisohn's application for writ of habeas corpus).[3]

■ The Superior Court, therefore, erred in entertaining the defendant's motion for a new trial.

The entry is:

Superior Court's order denying defendant's Rule 33 motion is vacated.

Remanded to the Superior Court with direction to enter order dismissing defendant's motion.

All concurring.

---

**3.** We recognize that in *State v. Kelley,* 357 A.2d 890 (Me.1976), we reviewed and affirmed on direct appeal the Superior Court's denial of the defendant's motion for a new trial on the ground of newly discovered evidence, made several months after judgment was entered, based on information that the jurors had received extraneous prejudicial information. In *Kelley* we did not consider whether the Superior Court had erred in entertaining the motion. Based on our holding today, it is clear that the motion should have been dismissed. Because, however, we denied Kelley's appeal, the error had no lasting ramifications.