**Robert L. DIONNE, Petitioner,**

v.

**STATE OF MAINE, Department of Probation and Parole, and James Tierney, Attorney General of the State of Maine, Respondents.**

**Civ. No. 86–0137 P.**

United States District Court,
D. Maine.

April 9, 1986.

---

Robert E. Mullen, Linnell, Choate & Webber, Auburn, Me., for petitioner.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

This matter is before the Court on the application of the Petitioner, filed on April 4, 1986, for *habeas corpus* relief under 28 U.S.C. § 2254 in respect to his conviction in the Superior Court in and for the County of Androscoggin and State of Maine on May 30, 1985. Defendant was convicted of the offense of arson. Defendant appealed his conviction to the Maine Supreme Judicial Court, sitting as the Law Court, which affirmed the conviction by its judgment of February 25, 1986. *See State v. Dionne*, 505 A.2d 1321 (1986). In this present application, the Petitioner sets forth four claims for relief, which are: (1) the insufficiency of the evidence to sustain a jury verdict of guilty; (2) juror misconduct amounting to extraneous influence on the jury in the course of its deliberations; (3) violation of Fourteenth Amendment due process rights based upon allegations that the State destroyed evidence; and (4) violation of Fourteenth Amendment due process rights by the introduction of insufficiently supported expert witness opinion testimony. The opinion of the Maine Law Court displays clearly that all four of these issues were generated in the Petitioner's appeal of his conviction to that Court. The Law Court discussed and disposed of claims (1), (3) and (4). However, with respect to claim (2), that of juror misconduct, the Court did not reach the merits. Rather, the Court stated:

"We need not address this issue because the record reveals that defendant's motion was not properly before the Superior Court.

All motions for new trial based on any ground other than newly discovered evidence must be made within ten days of the verdict unless the court grants an extension within the ten days … [U]nless evidence of juror misconduct can be characterized as newly discovered evidence, defendant's motion was not timely.

At 1324. The Court then goes on to conclude, citing *State v. Gatcomb*, 478 A.2d 1129, 1130–31 (Me.1984), that evidence of juror misconduct "does not constitute newly discovered evidence and that when such evidence comes to light after Rule 33's ten-day time limit has expired, the defendant must pursue his relief *in post-conviction proceedings.*" *Id.* (emphasis added). Accordingly, the Law Court vacated the action of the Superior Court in considering this claim under the aegis of a motion for a new trial.

Petitioner's application reveals that Petitioner presently has pending a petition for post-conviction review under Maine law in the Androscoggin County Superior Court. The application reflects that the grounds raised therein for post-conviction relief are "juror misconduct (juror prejudged the case); extraneous influence on the jury." Application at 3. It is apparent that the claim made in the pending post-conviction relief proceeding in the Androscoggin County Superior Court is precisely the same as that asserted on this petition as claim (2). It is apparent that as to such claim the Petitioner has not exhausted his available state court remedies.

Thus, the Petitioner is confronted on this application with the requirement of *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), that the district courts dismiss all petitions under 28 U.S.C. § 2254 which contain claims for relief as to which exhaustion under state law has not been completed. Petitioner's failure to have exhausted state remedies as to his claim of improper juror conduct inhibits this Court's exercise of jurisdiction, under principles of comity, over even those claims as to which exhaustion has been accomplished. *Nizio-*

*lek v. Ashe*, 694 F.2d 282 (1st Cir.1982). This is not a case "caught in the time warp" of *Rose v. Lundy, id.*, at 285. That being so, the application must be dismissed *in toto*.

Accordingly, the application for writ of *habeas corpus* herein is *DISMISSED*.

So ORDERED.