STATE of Maine

v.

**Walter J. SABATTIS.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 7, 1992.
Decided Jan. 15, 1992.

Neale T. Adams, Dist. Atty., Caribou, for plaintiff.

Jon A. Haddow, Mitchell & Stearns, Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

McKUSICK, Chief Judge.

On defendant Walter J. Sabattis's appeal, we affirm his conviction on one count of gross sexual misconduct, 17–A M.R.S.A. § 253 (Supp.1988), following a jury trial in the Superior Court (Aroostook County, *Pierson, J.*).

■ On defendant's motion the trial court, out of the presence of the jury, examined the victim, by then 14 years of age, to determine her competence to testify. The victim's answers fully support the court's finding under M.R.Evid. 601(b) that she was capable of expressing herself meaningfully to the jury and of understanding the duty of a witness to tell the truth. We cannot find any error in the trial court's determination, let alone any clear error. *See State v. Woodburn,* 559 A.2d 343, 346 (Me.1989).

■ Although defendant was indicted only on the charge of gross sexual misconduct, the trial evidence fully supports the conclusion that defendant had engaged in sexual intercourse with the underage victim and that he had indeed committed rape within the meaning of the then-existing statutory definition of that crime, 17–A M.R.S.A. § 252 (Supp.1988). The prosecuting attorney's statement in her closing argument that "this little girl was raped" was thus solidly based on the evidence. Plainly the prosecutor's statement, which at the time was not objected to by defendant, constituted neither error nor obvious error. *See State v. Pendexter,* 495 A.2d 1241, 1241 (Me.1985); *cf. State v. Hutchinson,* 597 A.2d 1344, 1348 (Me.1991) ("[d]espite the absence of a rape charge, [the court in sentencing for gross sexual misconduct may rely upon] the information

that 'it was really rape' " when such information is factually reliable).

The jury returned its guilty verdict at the end of a one-day trial on March 12, 1991. The ensuing presentence report filed on April 4, 1991, reproduced under the heading "Defendant's Version of the Offense" a letter from defendant addressed "To Whom It May Concern." In that letter defendant for the first time made allegations of improprieties in the voir dire of the jury panel:

> The question was asked "who knew of me". No one responded that they did "know of me". An example of one juror "who knew of me" was Vinle Oneil [sic], I was employed at his lumber company in 1986. . . .

At no time during his trial had defendant made any contention that a juror in voir dire had falsely failed to acknowledge that he knew defendant. Nor did defendant, either through his counsel or in his exercise of his right of allocution, raise any such contention at the sentencing hearing on May 23, 1991. Nonetheless, his appellate counsel now argues that the sentencing court should have investigated defendant's presentence allegation on its own initiative. We do not agree. Juror misconduct, even if investigation showed it had existed, was not then a ground for a new trial because defendant did not raise the contention within 10 days of the verdict. *See* M.R.Crim.P. 33; *State v. Gatcomb*, 478 A.2d 1129, 1131 (Me.1984). Defendant's belated challenge of the jury that convicted him, assuming it is still a viable contention, is cognizable only on a petition for post-conviction relief. *See id.*

The entry is:

Judgment affirmed.

All concurring.