2011 ME 112

**Christopher J. McCORMICK**

v.

**Michael D. LaCHANCE et al.**

Supreme Judicial Court of Maine.

Argued: Feb. 7, 2011.
Decided: April 7, 2011.
Reargued: Oct. 12, 2011.
Revised: Nov. 17, 2011.

Sigmund D. Schutz, Esq. (orally), Preti Flaherty Beliveau & Pachios, LLP, Portland, on the motion for reconsideration and response, for appellees, Michael D. and Moira LaChance.

John C. Bannon, Esq. (orally), Murray, Plumb & Murray, Portland, on the motion for reconsideration and response, for appellees, Back Lot Owners.

Peter J. Brann, Esq. (orally), and Anne M. Torregrossa, Esq., Brann & Isaacson, Lewiston, on the motion for reconsideration and response, for appellant, Christopher McCormick.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

ALEXANDER, J.

[¶1] Michael D. and Moira LaChance and nine "Back Lot Owners," the Appellees in *McCormick v. LaChance (McCormick I)*, 2011 ME 112, 32 A.3d 1037 bring a motion for reconsideration, pursuant to M.R.App. P. 14(b), seeking reconsideration of a portion of our opinion in *McCormick I*. The Appellees in *McCormick I* contend that because the only issue presented for decision in *McCormick I* was whether the prior owner of Christopher McCormick's land could, by deed referencing a plan, relocate an easement on the face of the earth, we should not have addressed an issue of whether actions that McCormick had taken on the face of the earth could have accomplished a relocation of a previ-

ously existing easement benefiting the Back Lot Owners.

[¶ 2] We may reconsider an opinion on a motion for reconsideration when the moving party demonstrates that there are points of law or fact that we "overlooked or misapprehended" in our original opinion. M.R.App. P. 14(b)(1).

[¶ 3] Here, review of the record in *McCormick I,* the materials filed addressing the motion for reconsideration, and clarifications provided at oral argument indicate that prior to the trial court's ruling on the motions for summary judgment, the parties had engaged in extensive preparations for trial should the motions for summary judgment have been denied. Those preparations for trial included the trial court taking a view of the subject property. The record of those trial preparations may have caused us to misapprehend that the parties and the trial court, at the summary judgment stage, had addressed actions that McCormick had taken on the ground to relocate the easement.

[¶ 4] The record in the trial court demonstrates that, in the summary judgment proceeding, McCormick had expressly argued that the prior owner, Lawrence Crane, had relocated the easement in the deed to McCormick, and that "McCormick has not attempted to relocate the Easement." In briefing to us, McCormick argued similarly that the easement had been relocated by Crane's subdivision of his property and the plan referenced in the Crane–McCormick deed. Thus, in *McCormick I,* 2011 ME 112, ¶ 1, 32 A.3d 1037, we characterized the issue before us as follows:

> Christopher J. McCormick appeals from the judgment of the Superior Court (Cumberland County, *Wheeler, J.*), granting Michael D. and Moira La-Chance and nine "Back Lot Owners" summary judgment in an action regarding location of an easement. The court

determined that because the previous owner of the servient estate did not relocate the easement "on the face of the earth," the easement was not relocated. McCormick argues that the previous owner did validly relocate the easement and that the court erred by confusing the issues of the easement's location and adequacy when determining that the easement, as relocated, was "impassable by vehicle."

[¶ 5] With the issue focused before the trial court and before us on the claim that Crane had relocated the easement by his deed to McCormick, we conclude that in addressing McCormick's attempts to relocate the easement by his actions on the ground after receipt of the deed, we misapprehended the issues and addressed matters not presented to the trial court in the summary judgment proceeding and, thus, not properly preserved and presented to us for consideration on appeal. Accordingly, the motion for reconsideration is granted and our opinion in *McCormick I* is revised to read as follows:

## I. CASE HISTORY

[¶ 6] The record supports the following facts, read in the light most favorable to McCormick, the party against whom summary judgment was granted. *See Blue Star Corp. v. CKF Props., LLC,* 2009 ME 101, ¶ 23, 980 A.2d 1270.

[¶ 7] Prior to 1959, Sidney and Dean Blanchard owned a single parcel of oceanfront property in Cumberland. In 1959, the Blanchards sold a portion of their parcel to Robert and Sally Maynard; the Blanchards then sold the remainder of the land, which included the shorefront and did not abut a public way, to Margaret M. Crane. The Maynard Deed included the following express easement:

> [T]he right in common with Margaret M. Crane, her heirs and assigns, to use

by foot or vehicle, the traveled way as it now exists from the Easterly bound of the land hereby conveyed across land conveyed this day to Margaret M. Crane to the sea. *In the event said Margaret M. Crane her heirs or assigns re-establishes the location of said road and path the rights hereby granted to said Maynards shall be transferred to said new location.*

(Emphasis added). The land conveyed to Crane was conveyed subject to the Maynard Easement. The deed read:

[T]he right granted to said Maynards their heirs and assigns to use the traveled way as it now exists from the Westerly bound of the land hereby conveyed across said land to the sea; *provided, however, that if said traveled way is relocated by Margaret M. Crane, her heirs or assigns (which right is hereby granted) the rights granted to said Maynards shall apply to such new location.*

(Emphasis added).

[¶ 8] Beginning in 1962, Crane conveyed the first of several lots along "Deans Way," including the following express easement:

*[T]he right in common with the Grantor and others to use by foot or vehicle the traveled way as it now exists from the westerly boundary of the Grantor's land to the sea.* In event the Grantor reestablishes the location of said road and path (which right is hereby reserved) the rights hereby granted shall be transferred to said new location, and the Grantee, her heirs and assigns, are granted a right-of-way from said road as relocated to the northerly boundary of the land hereby conveyed, *such right-of-way to be of reasonable width and to be laid out to conform reasonably with the location of any entrance driveway on said land existing at the time of such relocation.*

(Emphasis added.) Further divisions of the Maynard parcel included, within their deeds, express conveyances of rights to the easement. The Back Lot Owners, through these deeds, comprise the dominant estate or estates benefiting from the easement across the Crane property. The Crane parcel is the "servient estate," as its land was burdened by and subject to the easement of "the traveled way" that is to "be of reasonable width and to be laid out to conform reasonably with the location of any entrance driveway on said land existing at the time of such relocation."

[¶ 9] On July 31, 2001, the Town of Cumberland approved a plan submitted by Lawrence and Margaret Crane for the Crane parcel entitled, "Plan for a Private Way, Deans Way," which was then recorded in the Cumberland County Registry of Deeds. The recorded plan has displayed on it a "Trail to Ocean (Easement)," purporting to be a relocation of the easement that is the subject of the current litigation. The owners of the dominant estates received no notice of this purported change in the location of the easement.

[¶ 10] On August 2, 2001, McCormick purchased a portion of the Crane property through a recorded deed. On October 5, 2001, Michael and Moira LaChance purchased the remainder of the Crane property, which abuts McCormick's property to the north, through a recorded deed.

[¶ 11] Both the McCormick and LaChance deeds declare that the properties are "subject to the rights of others in common with Grantee and the Grantors, their heirs and assigns, in and to a 'Trail to Ocean' as shown on said [Recorded Plan] which is set forth in various deeds." The "Trail to Ocean" indicates that it follows the LaChance/McCormick boundary, including a width of approximately ten feet on the LaChance property. The LaChance Deed states that the property is

subject to the "[r]ights and easements set forth in a certain deed to Christopher J. McCormick." Thus, the LaChance property is subject to the easement that appears on the recorded plan.

[¶ 12] The Back Lot Owners are successors in interest to deeds providing them rights to the easement that crossed the Crane property to wooden stairs leading to the water. The McCormick Deed did not expressly convey to McCormick the right to relocate the easement.

[¶ 13] In 2008, McCormick obtained approval from the Department of Environmental Protection and the Town of Cumberland to improve that portion of the "Trail to Ocean" that is located on his property. McCormick then cleared and landscaped the ten-foot-wide portion of the easement on his side of the boundary line, built a fence alongside the easement, and built a stone wall alongside his driveway.

[¶ 14] LaChance appealed McCormick's permit to the Board of Environmental Protection (BEP). McCormick requested that the BEP stay the appeal pending the resolution of this quiet title action. The BEP granted the stay because certain rights between the parties remained unsettled, specifically, "the right of the permit holder and/or his predecessor-in-title to move the right-of-way, and whether the right-of-way was indeed moved."

[¶ 15] On September 25, 2008, McCormick filed a complaint in the Superior Court, seeking a judgment declaring his property to be free from any encumbrances apart from the easement, declaring the location of the easement to be as shown on the 2001 recorded plan and referenced in the 2001 recorded deed, and establishing the rights of McCormick and LaChance to the easement. The Back Lot Owners filed a response and counterclaim, requesting that the court declare that the easement "has never been legally relocat-

ed" and that McCormick's actions constituted nuisance and trespass "by unreasonable interference with" the easement.

[¶ 16] In early 2009, LaChance filed a counterclaim, requesting that the court (1) find that the Cranes did not exercise the right to relocate the easement, and (2) grant an "injunction barring McCormick from relocating the trail and mandating that he restore access to the pre-existing tr[ai]l."

[¶ 17] McCormick filed a motion for summary judgment, along with his statement of material facts and exhibits. The Back Lot Owners filed a cross motion for summary judgment, along with their response to McCormick's statement of material facts and a recitation of their additional material facts. Following further responses by McCormick, LaChance, and the Back Lot Owners, the court denied McCormick's motion for summary judgment and granted the Back Lot Owners' motion for summary judgment. The court concluded:

It is hereby DECLARED that neither the Maynard Easement nor the Crane Easement has ever been physically relocated on the face of the earth; that, in consequence, Plaintiff McCormick's property and Defendant Lachances' property remain subject to both the Maynard Easement and the Crane Easement as they existed on the face of the earth in the spring of 2008; [and] that the Back Lot Owners each have together with McCormick and the Lachances the right to use by foot and vehicle the Maynard Easement and the Crane Easement as they existed on the face of earth in the spring of 2008....

[¶ 18] The court permanently enjoined McCormick to "(a) abate the nuisance and trespass ... by removing both the stonewall and stockade fence ...; (b) refrain from placing any object [or] obstruction [within] the bounds of the [easement] ...;

and (c) restore the grassy surface of the [easement]." McCormick timely appealed.

## II. LEGAL ANALYSIS

[¶ 19] The Superior Court declared, "[N]either the Maynard Easement nor the Crane Easement has ever been physically relocated on the face of the earth." Consequently, the court found that both McCormick's and LaChance's land remained "subject to [the easement] as [it] existed on the face of the earth in the spring of 2008."

[¶ 20] McCormick does not argue that his own actions relocated the easement. Rather, he argues that when the Cranes recorded the "Plan for a Private Way, Deans Way" in 2001, the plan's rendering of the "Trail to Ocean (Easement)" effectively relocated the easement from its previous location, or the "traveled way," on the face of the earth. We have not previously addressed the question of whether the servient estate's recording of a plan, without more, and particularly without notice to the dominant estate or estates, is sufficient to relocate an easement that exists on the face of the earth.

■ [¶ 21] When a servient estate owner possesses the unilateral right to relocate an easement, that relocation must not "significantly lessen the utility of the easement, increase the burdens on the holder[s] of the easement benefit, or frustrate the purpose for which the easement was created." Restatement (Third) of Prop.: Servitudes § 4.8(3) cmt. f(2000). If the servient estate owner does not relocate the easement on the face of the earth, it is impossible to determine whether the relocation meets the requirements established by the Restatement and our case law. *See, e.g., Lyon v. Lea*, 84 Me. 254, 257, 24 A. 844, 845 (1892). Therefore, we conclude that in order for an easement's relocation to have effect, it must be relocated on the face of the earth.

■ [¶ 22] Though it is undisputed that the Cranes, as the servient estate owners, maintained the unilateral right to relocate the easement, referencing the deeds among Crane, Maynard, and the "Back Lot Owners," the recording of the 2001 plan did not accomplish a relocation of the easement. Although the Cranes did not need the consent of the dominant estate owners to relocate the easement, the right to relocate was limited to providing an easement "equally as convenient and beneficial" for the purpose of accessing the ocean. *Id.* 24 A. at 845. Accordingly, McCormick's contention that the Cranes' recording of the plan accomplished relocation of the easement that benefited the Back Lot Owners fails.

The entry is:

Judgment affirmed.