STATE OF MAINE                              UNIFIED CRIMINAL COURT
CUMBERLAND, ss.                             DOCKET NO. CR-2015-5321

STATE OF MAINE
STATE OF MAINE, SS. Clerk's Office
JUL. 07 2016
RECEIVED

STATE OF MAINE

v.                                          ORDER ON MOTION FOR NEW TRIAL

FREDERICK R. PIERCE


This matter came before the court on defendant's motion for a new trial pursuant

to M.R.Crim.P. 33, and as orally amended to include Rule 1(c). Frederick Pierce is a 17-

year old recent high school graduate who expected to begin working as a heavy

equipment operator with his father's excavation business upon his graduation in June

2016. On January 7, 2016, he pled guilty to the crime of Operating After Suspension,

and promptly paid the fine of $250. He knew his license would be suspended but he was

surprised when he received a notice of a one-year loss of license and was advised that he

would not be eligible for a work-restricted license.

In his motion, Mr. Pierce does not argue that he was not guilty of this offense or

that he would have negotiated differently with the district attorney's office if he had been

fully aware of the consequences of his plea. Rather, he argues that he is entitled to a new

trial pursuant to M.R.Crim.P. 33, and 1(c) as orally amended, because he was denied the

right to counsel guaranteed by the Sixth Amendment when the court incorrectly advised

him of his right "to have an attorney present at trial." The State argues that the motion

should be denied because defendant's motion is untimely and defendant does not point to

any newly discovered evidence as required by Rule 33. The State also contends that Rule

1(c) is inapplicable because there is a specific procedure pursuant to M.R.Crim.P. 33. Furthermore, the State argues that the suspension of a license is a collateral consequence only and does not give rise to any rights.

Mr. Pierce asks the court to grant his motion for a new trial on the basis that he was not properly advised of all of his rights at the time of his plea. He was told that he had the right to be "present at trial with his attorney", not that he has the right to be represented at trial by an attorney. And, while he was advised that his license would be suspended, he was not told that it would be for one-year and that he would not be able to obtain a work license.

Mr. Pierce moved for a new trial well after the fourteen day deadline imposed by Rule 33, and he contends that, considered together, Rules 1, 2 and 33 of the Maine Rules of Criminal Procedure compel this court to find that a new trial is the appropriate manner through which to obtain the relief that he seeks, that is, an opportunity to move this court to vacate his conviction based on the court's failure to properly advise him of his right to counsel and based on newly discovered evidence. He argues that the lack of available relief under Rule 33 constitutes "new evidence" and he should be granted a new trial "in the interest of justice. He also argues the information concerning the length of his suspension and the inability to obtain a work license are newly discovered evidence. To the extent that his Rule 33 motion is untimely, he contends that Rule 1(c) gives the court authority to act when no procedure or remedy has been specified by any applicable rule or statute.

Rule 1(c) provides as follows:

Procedure When None Specified. When no procedure is specifically prescribed the court shall proceed in any lawful manner not inconsistent with the Constitution of the United

States or of the State of Maine, these rules or any applicable statutes.

Rule 2 provides:

These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay.

Rules 1 or 2 of the Maine Rules of Criminal Procedure do not change the analysis. Rule 1 provides a procedure where none exists in the rules. Rule 2 expresses the purpose of the Rules and notes that the rules "shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." Rule 2. "Rule 2, however, does not provide for the application of an inappropriate procedure where an appropriate procedure exists." *Ali*, 2011 ME 112, ¶ 21.

Rule 33 provides in relevant part:

The court on motion of the defendant may grant a new trial to the defendant if required in the interest of justice. If the trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct entry of a new judgment.

A motion for a new trial based on any ground other than newly discovered evidence shall be made within 14 days after verdict or finding of guilty or within such further time as the court may fix during the 14-day period. Any motion for a new trial based on the ground of newly discovered evidence may be made only before, or within 2 years after, entry of the judgment in the Unified Criminal Docket.

Rule 33 is similarly inapplicable. The fact that Mr. Pierce did not learn until after he pled guilty that his license would be lost for one-year and that he would not be able to work is not newly discovered evidence that would make him eligible for a new trial pursuant to Rule 33. The plea judge inquired during his colloquy with Mr. Pierce, whether he was aware that his license would be suspended and he responded that he was aware and nevertheless wanted to enter a guilty plea. Newly discovered evidence includes solely evidence that bears on guilt or innocence of the accused. *Sate v. Gatcomb*,

478 A. 2d 1129. Newly discovered evidence does not include collateral consequences to a guilty plea or the failure of a judge to use a specific language when instructing on the right to counsel. Indeed, Rule 11(g) contains no prerequisites or specific language when accepting a plea. Defendant's contentions are not evidence at all that could be presented to a jury as having relevance to the innocence or guilt of defendant. Unlike other kinds of new information that may come to light after judgment has been entered, these do not concern the substance of the state's case or the accused's defense.

Although it is unfortunate that Mr. Pierce was only 17-years old when he made these important decisions on his own, without seeking the counsel of his parents or an attorney, he is nevertheless held responsible for his decisions. The court provided him all the important information that he required to make a decision on how to plea to a criminal charge. He was not entitled to counsel because there was no risk of jail. However, it is very likely that he had available to him the lawyer for the day at the time of his first appearance in this case. Moreover, what the secretary of state does with respect to his license is not part of the criminal process but is a separate administrative process about which he was warned.

Defendant's motion for a new trial is DENIED.

Date: July 7, 2016

Joyce A. Wheeler, ARJ
Maine Superior Court

STATE OF MAINE
CUMBERLAND, SS.

UNIFIED CRIMINAL COURT
DOCKET NO. CR-2015-5321

STATE OF MAINE

v.

**MOTION FOR NEW TRIAL**

FREDERICK R. PIERCE

NOW COMES the Defendant, by and through his undersigned counsel, and moves for a new trial pursuant to Rule 33 of the Maine Rules of Criminal Procedure, as follows:

1. The Defendant is 17 years old.

2. On August 8, 2015, he was stopped by the Windham Police Department, and charged with OAS.

3. On October 13, 2015, he appeared at his arraignment and pled not guilty.

4. On January 7, 2016, he appeared at his case disposition conference and met with a student attorney from the DA's Office.

5. The Defendant was offered a fine of $250.00 upon conviction.

6. No one told the Defendant that his plea would result in a one-year loss of license or that he would not be eligible for a work-restricted license.

7. The Defendant changed his plea and was sentenced to a fine of $250.00, plus surcharges, which has since been paid in full.

8. On or about January 21, 2016, the Defendant received the attached letter from the Secretary of State, suspending his provisional license for one year.

9. The Defendant is a Greeley High School graduating senior. He is graduating from the vocational program, teaching heavy equipment operation. His summer job requires him to have a license to operate heavy equipment.

10. According to the Secretary of State, the Defendant is not eligible for a work-restricted permit.

11. The Defendant was not properly advised of all of the rights that he was waiving at the time of his plea. The Defendant was told that he had the right to be "present at trial with your attorney." He was not told that he had the right to be represented at trial by an attorney. See State v. Ouellette, 901 A.2d 800 (Me. 2006) (the mere fact that a lawyer for the day stands with the Defendant when she is

1

arraigned is not enough to satisfy the requirement that the Defendant knew her jury trial right). The right to be present with his attorney is not the same as the right to be represented by his attorney.

12. Under Rule 33 of the Maine Rules of Criminal Procedure, the court, on motion of the Defendant, may grant a new trial if required in the interest of justice, on grounds of newly discovered evidence.

13. In two other cases, attached, the court has granted similar motions for new trial.

14. In State v. Nadeau, the court commented:

Granting a new trial on the Defendant's motion serves judicial economy, although it stretches the language of Rule 33 beyond its normal application.

15. Similarly, the interest of justice is served by granting a new trial in this case. The newly discovered evidence, in the form of a one-year license suspension, is for more serious than the typical administrative suspension for a first offense OAS.

16. The Defendant was not eligible for a court appointed lawyer because there was no risk of jail.

17. The Defendant's rights to due process and effective assistance of counsel were violated.

18. The Defendant should be granted a new trial.

19. ADA Tracy Gorham objects/has no objection to this motion.

DATED: JUNE 10, 2016

Robert A. Levine, Esquire, Bar #3845
Attorney for Defendant
17 South Street
Portland, ME 04101
(207) 871-0036

ORDER

MOTION FOR NEW TRIAL:    GRANTED   /   DENIED

DATED:_____    _____

                                    JUDGE/JUSTICE
                                    UNIFIED CRIMINAL COURT

2