MAINE SUPREME JUDICIAL COURT

Reporter of Decisions

Decision:     2024 ME 53
Docket:       Aro-23-450
Argued:       June 5, 2024
Decided:      July 25, 2024

Panel:        STANFILL, C.J., and MEAD, HORTON, CONNORS, LAWRENCE, and DOUGLAS, JJ.

STATE OF MAINE

v.

PEDRO J. ROSARIO

STANFILL, C.J.

[¶1]     Pedro Rosario appeals from an order of the trial court (Aroostook County, *Stewart, J.*) denying his motion for a new trial.  Because his motion is untimely, we affirm the court's judgment.

## I.  BACKGROUND

[¶2]  Rosario was convicted of aggravated trafficking of scheduled drugs (Class A), 17-A M.R.S. § 1105-A(1)(M) (2024), after a jury trial in 2021.  He was sentenced to twenty-five years in prison, with ten years suspended and four years of probation, and required to pay a $25,000 fine.  *State v. Rosario*, 2022 ME 46, ¶ 6, 280 A.3d 199.  We affirmed his conviction in August 2022. *Id.* ¶ 1.

2

[¶3]  On April 21, 2023, Rosario filed a motion to vacate the judgment and for a new trial, alleging that one of the jurors at the trial was improperly seated and was biased.  For the purposes of its response to the motion, the State accepted the allegations in Rosario's motion as true.  The following facts, as stated by the court in its judgment, are supported by the exhibits admitted during the non-testimonial hearing on Rosario's motion, held on October 13, 2023.  *See State v. Connor*, 2009 ME 91, ¶ 9, 977 A.2d 1003; *State v. Oullette*, 2024 ME 29, ¶ 2, 314 A.3d 253.

[¶4]  During jury selection on May 13, 2021, Rosario's counsel indicated that he wanted to voir dire Juror 23.  The court accidentally brought another juror forward for voir dire instead of Juror 23.  Rosario's counsel did not object or ask again to voir dire Juror 23.  Juror 23 was selected as an alternate juror. At the end of the trial, when it was time to dismiss the alternate jurors, the court inadvertently dismissed Juror 172 instead of Juror 23.[1]  Rosario's attorney did not object.

---

[1] Juror 172 was seated between Juror 23 and the other alternate.  The motion court noted that it apparently misread the seating chart when attempting to discharge the alternates.  The selection and seating were atypical; it was one of the first jury trials following the coronavirus pandemic with "seating limitations to accommodate social distancing."

[¶5]  Less than two weeks later, Rosario's attorney, representing a different client, attended jury selection in an unrelated case and noticed that Juror 23 was present as a potential juror.  When questioned during selection in those matters, Juror 23 indicated that he had gone to high school with the region's District Attorney, but that they had not spoken since high school.  He further stated that it would not impact his ability to be fair or impartial.  Juror 23 was excused for cause without objection and released by agreement in those matters.

[¶6]  The motion court determined that this information about Juror 23 was not "newly discovered evidence," nor was there evidence that Juror 23 was unable to be fair or impartial or had otherwise engaged in misconduct.  Although the court acknowledged the trial mistakes discussed above with respect to Juror 23, it determined that there was no evidence on the record suggesting that Rosario's trial was unfair or that a new trial was warranted.  The court denied Rosario's motion for a new trial on October 24, 2023.

[¶7]  Rosario timely appeals.  *See* M.R. App. P. 2B(b)(1).

## II.  DISCUSSION

[¶8]  Rosario argues that the fact that Juror 23 went to high school with the District Attorney is information that warrants a new trial.  He additionally

4

argues that he was deprived of a fair trial because Juror 23 was originally intended to be an alternate juror but was mistakenly seated when Juror 172 was released instead.

[¶9] When reviewing the denial of a motion for a new trial, we "review the court's findings of fact for clear error and its determination of whether the defendant has met the necessary elements for an abuse of discretion." *State v. Daly*, 2021 ME 37, ¶ 47, 254 A.3d 426 (quotation marks omitted). In this review, we "will only vacate a conviction when the defendant was deprived of a fair trial." *State v. Carey*, 2013 ME 83, ¶ 26, 77 A.3d 471 (quotation marks omitted). "The court on motion of the defendant may grant a new trial to the defendant if required in the interest of justice. . . . A motion for a new trial based on any ground other than newly discovered evidence shall be made within 14 days after verdict or finding of guilty or within such further time as the court may fix during the 14-day period. Any motion for a new trial based on the ground of newly discovered evidence may be made only before, or within 2 years after, entry of the judgment in the Unified Criminal Docket." M.R.U. Crim. P. 33.

[¶10] Rosario concedes that the information regarding Juror 23 is not newly discovered evidence under M.R.U. Crim. P. 33, and we agree. This

information is not evidence, nor is it newly discovered. "Newly discovered evidence is that which could have been presented *at trial* if it had been discovered in time, and jury deliberations, which occur *after* the presentation of evidence, are not probative of the elements of the charged crime or crimes." *Daly*, 2021 ME 37, ¶ 50, 254 A.3d 426. Although Rosario knew at the time of trial that Juror 23 was originally designated as an alternate but was instead seated as a member of the jury, Rosario did not object or raise any issue to the trial court. His attorney discovered that Juror 23 attended high school with the District Attorney less than fourteen days after the verdict, before sentencing and before his direct appeal was filed, and within the time to file a motion for a new trial for a reason other than newly discovered evidence under M.R.U. Crim. P. 33. *See State v. Gatcomb*, 478 A.2d 1129, 1130-31 (Me. 1984); *State v. Sabattis*, 602 A.2d 671, 672 (Me. 1992). Moreover, there is nothing "unusual" about the circumstances and there is no other discernible basis for the late filing. *See State v. Rankin*, 666 A.2d 123, 127 (Me. 1995) (granting a late motion for a new trial due to the "unusual" nature of the case). Simply put, Rosario's Rule 33 motion was untimely.

[¶11] Even if we were to consider Rosario's motion on the merits, the circumstances do not warrant a new trial. "Courts should inquire into the

validity of a jury verdict only in very limited circumstances." *State v. Watts*, 2006 ME 109, ¶ 17, 907 A.2d 147 (quotation marks omitted). Indeed, "[a]lthough serious allegations of juror bias in the context of juror dishonesty or inaccuracy in answering a voir dire questionnaire is one such limited circumstance when the court, within its discretion, may proceed with a post-trial hearing to inquire into potential juror bias, a court must make such an inquiry with great caution." *Id.*; *see* M.R. Evid. 606(b). "Unless [i]t is . . . *sufficiently clear* that [a juror's] nonanswer [to a voir dire question] is apparently a dishonest or incorrect answer to the question *in the context in which it was asked*, there is an insufficient basis to impeach a jury verdict." *Watts*, 2006 ME 109, ¶ 17, 907 A.2d 147 (quotation marks omitted); *see also State v. Chesnel*, 1999 ME 120, ¶ 31, 734 A.2d 1131. Here, the basis for the motion is not the kind of serious allegation that would permit an inquiry into the validity of the verdict. In the unrelated case where Juror 23 revealed that he went to high school with the District Attorney but that they had not spoken since then, the juror stated that he could remain impartial; Rosario presents no evidence to the contrary.

[¶12] Finally, Juror 23's participation in the deliberations as a juror was not error, let alone structural error that would warrant a new trial. Rosario

argues that alternate jurors are "stranger[s] to the proceedings." *See Stokes v. State*, 843 A.2d 64, 73 (Md. 2004). The cases that Rosario relies upon, however, involve alternate jurors participating in the deliberations or observing them *alongside* the twelve seated jurors. *Id.* at 71; *see also Commonwealth v. Smith*, 531 N.E.2d 556, 559-61 (Mass. 1988) (holding that an alternate juror present in the deliberation room while the twelve empaneled jurors deliberated constituted prejudice and warranted a new trial). As the *Smith* court noted, "alternate jurors, *as long as they remain alternates*, really are not jurors." *Smith*, 531 N.E.2d at 559 (quotation marks omitted and emphasis added). *Smith* is thus inapposite. There is no question that once seated as one of the twelve full members of the jury, the alternate's participation is not only proper but required. Here, when Juror 172 was sent home, Juror 23 became a member of the jury, was no longer an alternate, and was properly present in the deliberation room as a member of the jury.

[¶13] Rosario's motion for a new trial was untimely. He nonetheless received a fair trial, by a jury comprised of twelve impartial peers, and we affirm.

The entry is:

Judgment affirmed.

Tyler J. Smith, Esq. (orally), Libby O'Brien Kingsley & Champion, LLC, Kennebunk, for appellant Pedro J. Rosario

Todd R. Collins, District Attorney, and Matthew A. Hunter, Asst. Dist. Atty. (orally), 8th Prosecutorial District, Presque Isle, for appellee State of Maine

Aroostook County Unified Criminal Docket docket number CR-2019-30895
FOR CLERK REFERENCE ONLY